YORK *v.* LITTERAL.

Trusts—Equitable Lien—Pretrial Statement.

 An equitable lien was properly impressed upon property defendant is found to have purchased in his own name with money supplied by plaintiff notwithstanding trial court did not make a finding of fraud as alleged in plaintiff's bill to establish a trust, where pretrial statement shows defendant was sufficiently advised as to the facts testified to by plaintiff.

Appeal from Jackson; Dalton (John C.), J. Submitted June 14, 1962. (Docket No. 62, Calendar No. 48,987.) Decided September 7, 1962.

Bill by Dortha F. York against Tilman Litteral to establish trust in property purchased in defendant's name on land contract. Decree for plaintiff. Defendant appeals. Affirmed.

*Owen Dudley,* for plaintiff.

*Rappleye & Perlos,* for defendant.

Kelly, J. Appellee filed her bill of complaint to establish a trust and other relief, claiming that some time before September 11, 1953, defendant informed her that they could purchase a home in Jackson for $4,000, providing they could raise $500 to make a down payment; that she borrowed the $500 and gave same to defendant with the understanding that the

References for Points in Headnote
54 Am Jur, Trusts § 208.

property would be purchased in their joint names; that defendant obtained the contract showing him as the sole purchaser; that she was advised by defendant on many occasions that he would see to it that the contract would be changed to show plaintiff and defendant were joint owners; that she continued to make payments out of her earnings and did make 33 payments of $50 each from October 10, 1953, to July 11, 1956, at which time she ceased making payments because of defendant's absolute refusal in July, 1956, to have the contract corrected as he had promised.

Defendant denied plaintiff had made any payments and claimed all payments were made by him, but the court, believing plaintiff, ordered defendant to pay her $2,650 and granted an equitable lien on the property to secure said payment.

Defendant presents only 1 question on appeal, namely: whether he was prejudiced because plaintiff's bill of complaint contained an allegation that defendant fraudulently obtained the money from plaintiff and, since the court did not find there was fraud, whether appellant was misled into defending on the grounds of fraud.

An examination of the bill of complaint and pretrial statement shows that defendant was sufficiently advised as to the facts that were testified to by plaintiff and we see no merit to defendant's contention. See *Manley, Bennett & Co.* v. *Woodhams,* 349 Mich 586, and *Kent* v. *Klein,* 352 Mich 652.

Affirmed. Costs to appellee.

CARR, C. J., and DETHMERS, BLACK, KAVANAGH, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred.