McKENZIE *v.* McKENZIE.

1. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.

Proof is considered in the light most favorable to plaintiff on appeal from directed verdict and judgment for defendant.

2. AUTOMOBILES—GUEST PASSENGERS—WILFUL AND WANTON MISCONDUCT.

Liability under the guest passenger act is imposed because of the host motorist's conduct which exhibits not only ordinary negligence but a wilful and wanton disregard for public safety (CLS 1961, § 257.401).

3. SAME—GUEST PASSENGER—WILFUL AND WANTON MISCONDUCT—EVIDENCE—QUESTION FOR JURY.

Evidence that defendant motorist was traveling at 60 to 70 miles per hour in 35-mile zone at 7:30 p.m., late in July, that he cut in and out of traffic while it was raining and visibility was reduced and crossed over from 3-lane westbound portion of 6-lane highway into heavy traffic in eastbound lanes there colliding with oncoming traffic presented issue of wilful and wanton disregard for public safety to jury in action for death of guest passenger (CLS 1961, § 257.401).

Appeal from Oakland; Moore (Arthur E.), J. Submitted November 5, 1964. (Calendar No. 61, Docket No. 50,640.) Decided January 5, 1965.

Case by Patricia A. McKenzie, administratrix of the estate of Ronald T. McKenzie, deceased, against Arthur McKenzie for damages upon death of guest passenger in automobile collision July 23, 1961. Directed verdict and judgment for defendant. Plaintiff appeals. Reversed and new trial granted.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 886.
[2] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 471, 488.
[3] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 488, 899.

*Renfrew, Edberg & Baldwin (J. Renfrew,* of counsel), for plaintiff.

*Eggenberger, Eggenberger & Ashton,* for defendant.

Black, J. The death of her decedent was caused, according to plaintiff, by the defendant automobile driver's "gross negligence or wilful and wanton misconduct" (CLS 1961, § 257.401 [Stat Ann 1950 Rev § 9.2101]). The issue was tried to a jury. On motion the trial judge directed a verdict for defendant. The judge found the proofs insufficient to create an issue for the jury as to defendant's liability under section 257.401. Judgment entered for defendant. Plaintiff has appealed. According to well understood rule, we consider the proof in light most favorable to plaintiff.

Plaintiff's decedent was a guest passenger in the defendant's automobile. The two men were traveling west on Eight Mile road on July 23, 1961, at about 7:30 p.m. It was dusk, and had been raining for some time. All cars had their windshield wipers operating and their lights on. The separated three eastbound and three westbound lanes of Eight Mile road converge and pass beneath a railroad bridge in Ferndale. The six lanes of traffic were separated by two parallel yellow lines. As the defendant motorist approached the convergence and railroad bridge he overtook and passed, on the right, witness Mazur. Mazur was driving at the time in the center westbound lane. Defendant's speed was estimated by Mazur at between 60 and 70 miles per hour. The speed limit was 35. Defendant then was about 350 feet from the scene of the ensuing collisions. Defendant accelerated after passing Mazur and moved from the right hand westbound lane into the center westbound lane. Then he moved into the left-hand

westbound lane. By this time he was on the down-grade toward the overhead railroad bridge.

Defendant testified that he saw a Volkswagen, and two other cars about two car lengths behind the Volkswagen, approaching in the three eastbound lanes. The Volkswagen was traveling slightly in excess of 35 miles per hour and, according to defendant, was "a couple of feet" over the yellow line dividers and thus partially on the wrong side of the roadway.

Defendant's counsel pick up his testimony from here. We relate it from defendant's brief since it furnishes about all that counsel have been able to extract from the record by way of argument supporting the trial judge's matter of law ruling. Counsel relate:

"He applied his brakes and tried to check traffic on both sides of his car. He was unable to determine if there were any cars to his right rear. He looked back toward the Volkswagen and saw that it was then 3 to 4 car lengths away and straddling the center lane. He immediately applied his brakes again and turned to the left in an attempt to avoid a collision. He did not swerve to his right because he was afraid that his car would be struck by both the Volkswagen and witness Mazur's car which he had previously passed."

Immediately after defendant turned to the wrong side of the roadway his car was struck broadside by the eastbound Volkswagen. Then, almost simultaneously, witness Zack's eastbound car crashed into the Volkswagen. All cars burst into flames. Thus decedent perished.

The cars came to rest as follows: The Volkswagen was in the center of the three eastbound lanes. Zack's car was in the most southerly of such eastbound lanes, and defendant's car lay across the

center lane and most northerly lane of the three eastbound lanes.

The trial judge reasoned:

"In the case at bar, I think you have, taken at its best light, testimony on behalf of the plaintiff's case that the defendant driver was operating at an excessive rate of speed, under wet pavement and raining driving conditions, that he had beer in his car, there is no evidence that he had any to drink within a period of time that could conceivably make it important,—you have evidence that he either applied his brake poorly and swerved in the road or as a decision in a very brief period of time, turned directly left into the oncoming traffic.*

"Now, I do not think the series of acts of ordinary negligence, under these decisions, can be interpreted as gross negligence unless there is evidence of wilfulness and it is true that wilfulness is to be derived as a conclusion from the acts of the person but this does not change the rule.     *     *     *

"So very frankly, though I personally feel that it is very undesirable to do so, I do believe that it is a judicial matter, that a directed verdict should be rendered.  So I will grant the motion and direct a verdict on behalf of the defendant."

Being of view that the trial judge failed, in conjunction with the rule of favorable view, to consider the totality of defendant's highly dangerous acts, we are obliged to disagree with the judge's conclusion.  See *Stevens* v. *Stevens,* 355 Mich 363, 371, 372, where the Court said, of liability under the guest passenger statute:

"It is imposed because the conduct, usually made up of the sum total of these factors, manifests a high degree of danger, a manifest probability that harm will result therefrom, and an utter disregard

---

* We do not on this appeal attach importance to the finding of beer in defendant's car.  The evidence of effect thereof on defendant, if any, was doubtful.  Decision of the reviewable question rests accordingly on the remaining facts as outlined.

of the probable consequences. The acts are of a different quality than those comprising mere negligence. Acts of ordinary negligence are included, of course, but as was well stated in *Peyton* v. *Delnay,* 348 Mich 238, 248, quoting an earlier opinion, there is more: ordinary negligence plus 'a wilful and wanton disregard for public safety.' "

See, also, the "sum total" comment of Chief Justice KAVANAGH, writing for the Court in *Anderson* v. *Gene Deming Motor Sales, Inc.,* 371 Mich 223, 230.

Defendant relies upon certain of our earlier decisions, including *Bushie* v. *Johnson,* 296 Mich 8, 12. There is no need to review them. The development of traffic conditions and of traffic hazards, occurring since such decisions were handed down, has forced this Court to "enlarge" the area "in which the question of the existence of gross negligence or wilful and wanton misconduct becomes a matter for the jury." See BUTZEL, J., writing for four members of the Court in *Rinkevich* v. *Coeling,* 344 Mich 493, 499, and confession of such enlargement in *Tien* v. *Barkel,* 351 Mich 276, 282.

To conclude: The defendant motorist was traveling at a highly dangerous rate of speed. It was more than "mere excessive speed" (quotation from *Bushie* v. *Johnson, supra*). It was grossly rash and constituted some proof, the attendant circumstances considered, of "a wilful and wanton disregard for public safety." The reduced visibility and reduced braking efficiency caused by steady rain, the involvement of heavy traffic on a heavily traveled cross-town highway of Detroit and environs, the known convergence of the six lanes of traffic, the precedent cutting in and out of traffic at a dangerous rate of speed, all this added to defendant's madbrain left turn, without question made up a submissible case of liability under the statute.

Judgment reversed and new trial granted. Costs to plaintiff.

Kavanagh, C. J., and Kelly, Souris, Smith, O'Hara, and Adams, JJ., concurred with Black, J.

Dethmers, J., concurred in result.