SAVAGE v. PETERSON DISTRIBUTING COMPANY, INC.

1. Appeal and Error—Moot Questions—Verdicts—Evidence.
   Allegations of error concerned with the admissibility of evidence *held*, moot, where it is determined that appellant's motion for a judgmgent *non obstante veredicto* should have been granted, since there was no evidence to support the jury's verdict.

2. Trial—Evidence—Inferences—Conjecture.
   A verdict must be based on inferences from the evidence, conjecture being forbidden.

3. Animals—Mink—Salmonellosis—Conjecture.
   Jury's conclusion that plaintiff's mink died of Salmonellosis *held*, based on conjecture, where there was no evidence of Salmonellae in plaintiff's mink or in the feed used by plaintiff, notwithstanding the same type of feed had been fed his mink as had been fed mink on another ranch where mink had died from Salmonellosis and plaintiff's mink had exhibited the same symptoms before death.

Appeal from Saginaw; Huff (Eugene Snow), J. Submitted Division 3 June 8, 1965, at Lansing. (Docket No. 34.)   Decided October 18, 1965.   Leave to appeal granted by Supreme Court February 11, 1966.   See 377 Mich 701.

Declaration by Lewis Savage and Theodore Savage, copartners doing business as Savage Brothers, against Peterson Distributing Company, Incorporated, a Michigan corporation, and Ralston Purina Company, a Missouri corporation, for damages arising from the sale of allegedly adulterated animal feed which plaintiff fed to his mink.   Verdict and judgment for plaintiff.   Defendant Ralston Purina

References for Points in Headnotes
[1] 5 Am Jur 3d, Appeal and Error §§ 761, 835.
[2, 3] 53 Am Jur, Trial §§ 296, 398.

Company appeals.   Reversed and judgment *non obstante veredicto* ordered entered.

*van Benschoten & van Benschoten (Duane S. van Benschoten,* of counsel), for plaintiff.

*Smith, Brooker & Harvey* and *McAuliffe & Harbert,* for defendant Peterson.

*Crane, Crane, Kessel & Deibel (Gilbert A. Deibel,* of counsel), and *F. W. Schwarz,* for defendant Ralton Purina Company.

T. G. KAVANAGH, J.   Plaintiffs are engaged in the business of raising mink.   The defendant Peterson Distributing Company, Inc., makes and sells a mink feed which includes an ingredient made by defendant Ralston Purina Company.   The plaintiffs brought suit for damages claiming that such feed sold it by defendant Peterson was contaminated causing illness and death to plaintiff's mink.   A jury verdict resulted in a judgment in favor of plaintiff against both defendants in the amount of $40,000 and a settlement having been reached between plaintiff and defendant Peterson, defendant Ralston alone appeals.

Appellant makes several assignments of error, but the controlling question raised is: "Was there evidence adduced which could support a verdict against the defendant Ralston?"

We are of the opinion that the record contains no evidence to support the jury's verdict and the trial judge should have granted the defendant's motions for a directed verdict at the conclusion of proofs, but having denied same, should have granted defendant Ralston's motion for judgment *non obstante veredicto*.   Accordingly, the other allegations of error which are concerned with the admissibility of evidence are moot.

The facts are not in great dispute although the propriety of establishing some of them was often vigorously questioned. For the purpose of our consideration however, we have regarded all of plaintiff's evidence as material, relevant, and competent.

In the spring of 1961 mink ranchers in various parts of the country began having trouble with their mink. Common symptoms of some disease appeared on many ranches including plaintiff's. Twenty carcasses of mink from a ranch other than plaintiff's were autopsied and in six, Salmonellae were found in the intestinal tract and in two of these six, in the liver and spleen.

Part of the food used to feed the mink on such ranch was analyzed and found to contain Salmonellae.

Expert testimony established that although the symptoms the mink had exhibited before death were indicative of several diseases, the presence of Salmonellae in their food, digestive tract and liver and spleen indicated Salmonellosis—certainly in the two and possibly in the six.

The same type food had been fed to plaintiff's mink and they had exhibited the same symptoms before death.

There was no analysis of the food fed to plaintiff's mink and an autopsy of several mink carcasses from plaintiff's ranch failed to show any Salmonellae.

From the foregoing could the jury reasonably infer that plaintiff's mink died of Salmonellosis or would this be simply an exercise in conjecture?

The difference between reasonable inference and conjecture has been considered by our Supreme Court on many occasions. Justice SOURIS in *Cummings* v. *Grand Trunk W. R. Co.* (1964), 372 Mich 695; and *Emery* v. *Chesapeake & O. R. Co.* (1964), 372 Mich 663, and Justice BLACK in *Kaminski* v. *Grand Trunk W. R. Co.* (1956), 347 Mich 417, have

written lucidly and cogently on the subject. From these cases it is perfectly clear that the inference *must be from the evidence, and conjecture is forbidden.*

Here there was no evidence of Salmonellae in plaintiff's mink or the feed used by plaintiff. Hence to conclude plaintiff's mink died of Salmonellosis is conjecture.

On our own motion we have set aside our order of June 4, 1965, granting the motion to quash appellee's brief, and have considered the brief in this decision.

Judgment of trial court is hereby set aside, and a judgment *non obstante veredicto* may enter.

Costs to appellant.

J. H. GILLIS, P. J., and QUINN, J., concurred.