HOUSE *v.* GIBBS.

1. AUTOMOBILES—PASSENGER FOR HIRE—JOINT ENTERPRISE—DIRECT-
   ED VERDICT.
   Finding of trial judge in an action by plaintiff administratrix
   against defendant administratrix of estate of host motorist for
   damages resulting from death of plaintiff's decedent in col-
   lision as car, driven at high speed across centerline of highway,
   collided head on with a truck, that plaintiff had failed to sus-
   tain her claim that her decedent was a passenger for hire, or
   that plaintiff's decedent and decedent host motorist were en-
   gaged in a joint enterprise *held*, proper, where a review of
   the depositions submitted in evidence reveals a lack of sufficient
   proof to have required the trial court to have the question of
   joint enterprise or passenger for hire placed before the jury
   for determination (CLS 1961, § 257.401).

2. NEGLIGENCE—DRIVER AND PASSENGER IN AUTOMOBILE—JOINT EN-
   TERPRISE—CONTROL.
   To constitute a joint enterprise between a passenger and the
   driver of an automobile, within the meaning of the law of
   negligence, there must be such a community of interest in its
   operation as to give each an equal right of control; and since
   there must be a common responsibility for its negligent oper-
   ation, there can be no common responsibility unless there is
   a common right of control.

3. SAME—JOINT ENTERPRISE—PRINCIPAL AND AGENT.
   The rule of joint enterprise in negligence cases is founded on
   the law of principal and agent.

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial § 293 *et seq.*
[2–6] 8 Am Jur 2d, Automobiles and Highway Traffic § 481.
[7] 8 Am Jur 2d, Automobiles and Highway Traffic § 487.
[8] 5 Am Jur 2d, Appeal and Error § 704.
[9] 5 Am Jur 2d, Appeal and Error § 726.
[10] 4 Am Jur 2d, Appeal and Error § 515 *et seq.*

4. Automobiles—Joint Enterprise—Directed Verdict—Evidence.

Direction of verdict by trial court for defendant at conclusion of plaintiff's proofs in negligence action for damages arising from death of plaintiff's decedent in collision on ground that plaintiff had predicated her case on ordinary negligence and had failed to take the case out from under the guest passenger act by proving that her decedent was a joint venturer of the defendant's decedent *held*, proper, where record reveals no right of control on the part of plaintiff's decedent or any evidence that defendant's decedent was the agent of the plaintiff's decedent, and to have allowed the jury to speculate on these considerations would have meant that the jury's verdict would have been based on pure speculation (CLS 1961, § 257.401).

5. Same—Passenger for Hire—Consideration.

The relationship of passenger for hire requires a showing that the driver received a benefit, either of money, services, or other value, for the transportation received, in order to take the case out of the guest-passenger statute (CLS 1961, § 257.401).

6. Same—Passenger for Hire.

Finding of trial judge that plaintiff failed to sustain her contention that her decedent was a passenger for hire *held*, proper, where no benefits to the defendant's decedent, the host motorist, were proved.

7. Same—Negligence—Gross Negligence—Evidence.

Failure of trial judge to submit the issue of gross negligence to the jury in negligence action for damages resulting from death of plaintiff's decedent in a collision *held*, proper, where in discussions prior to trial and at the pretrial conference, plaintiff claimed that her decedent was a passenger for hire or a joint venturer, and that her case rested on ordinary negligence.

8. Appeal and Error—Rulings of Court—Presumptions.

The Court of Appeals must presume in an appeal that the rulings of the trial court were correct, in the absence of anything showing them to be wrong.

9. Same—Questions Reviewable.

Issue, raised for the first time on appeal, is not discussed by the Court of Appeals, since the issue was not raised by defendant before the trial court.

10. Same—Partial Record—Sufficiency of Evidence—Trial.

Court of Appeals will not rule on the sufficiency of evidence testified to at trial, where the transcript is not available on appeal, as plaintiff chose to file only a partial record pursuant to court rule (GCR 1963, 812.2[b]).

Appeal from Wayne; Kaufman (Charles), J. Submitted Division 1 May 12, 1966, at Detroit. (Docket No. 792.) Decided October 11, 1966.

Declaration by Allean H. House, administratrix of estate of David L. House, deceased, against Lula Mae Gibbs, administratrix of estate of Edward L. Gibbs, deceased, for death of plaintiff's decedent in collision of a car driven by defendant's decedent and a truck. Directed verdict for defendant. Plaintiff appeals. Affirmed.

*George A. Jones,* for plaintiff.

*Davidson, Gotshall, Kelly, Halsey & Kohl (Konrad D. Kohl, of counsel),* for defendant.

Lesinski, C. J. Plaintiff comes on appeal from a directed verdict granted in favor of the defendant. The cause arose when the plaintiff's decedent rode along in a car with the defendant's decedent to a founder's day program at Alabama A & M College in May of 1959. As the car traveled south on US-72 in the State of Alabama, it was involved in a head-on collision in which all the occupants of the car were killed.

The plaintiff's decedent, at the time of the accident, was president of the Detroit chapter of Alabama A & M College Alumni Association. He had been given $75 from the club's treasury for expenses on the trip. The driver, Edward L. Gibbs, was also attending the founder's day program as a representative of the Detroit chapter, but he was not given any expense money.

In her declaration, plaintiff alleged that her decedent was a passenger for hire or, in the alternative, a joint venturer with Edward Gibbs.

Plaintiff further alleged that the defendant's decedent violated the duty of care owed to plaintiff's decedent "by failure to operate his vehicle to the right of the centerline and to maintain such control of his vehicle as to prevent its traveling left of center of the highway causing said defendant's decedent's automobile to collide with an oncoming truck causing plaintiff's decedent's death."

At the close of plaintiff's proofs, the trial court directed a verdict for the defendant, stating that the plaintiff had in fact predicated her case on ordinary negligence, and that she had failed to take the case out from under the guest passenger act, CLS 1961, § 257.401 (Stat Ann 1960 Rev § 9.2101), by proving that her decedent was a passenger for hire or a joint venturer of the defendant's decedent.

In this appeal the Court is called upon to determine, among other questions, whether there was sufficient evidence[1] to allow the jury to determine if the plaintiff's decedent was a passenger for hire or a joint venturer,[2] and further, if the plaintiff's pleadings gave the defense sufficient notice of a claim of gross negligence so as to allow this issue to go to the jury.

A review of the depositions submitted in evidence reveals a lack of sufficient proof to have required the trial court to have the question of joint venturer or passenger for hire placed before the jury for

[1] A motion was filed in the trial court on April 30, 1965 requesting that the plaintiff-appellant be allowed to file less than a full trial transcript. Thus, this appeal is limited to the depositions, pleadings, pretrial statement, and order by trial court filed and not to any testimony taken in the trial court. (see p 525 *infra*.)

[2] Prior to *Bostrom* v. *Jennings* (1949), 326 Mich 146, it would not have availed plaintiff's cause to prove a joint venture for the negligence of the driver would have been imputed to the joint adventurer, contrary to the general rule in this country. In *Bostrom, supra,* the Court expressly overruled the prior rule and held that the negligence of an agent is not imputable to his principal nor that of a member of a joint enterprise to his fellow member in an action by the latter against the former.

determination. As the Court stated in *Emons* v.
*Shiraef* (1960), 359 Mich 526, citing *Farthing* v.
*Hepinstall* (1928), 243 Mich 380, 382, 383:

"To constitute a joint enterprise between a pas-
senger and the driver of an automobile within the
meaning of the law of negligence, there must be such
a community of interest in its operation as to give
each an equal right of control. There must be a
common responsibility for its negligent operation,
and there can be no common responsibility unless
there is a common right of control. It must be
held that the driver is acting as the agent of the
other members of the enterprise. The rule of joint
enterprise in negligence cases is founded on the law
of principal and agent. On no other theory could
the negligence of the driver be imputable to a pas-
senger. Being parties to the same enterprise, they
are assumed to have common control and possession
of the machine. Otherwise, each could not be
charged with the negligence of the other."

From all the evidence before us, no right of
control on the part of the plaintiff's decedent was
ever made out. Nor did it appear from the evidence
presented that the defendant's decedent was the
agent of the plaintiff's decedent. To have allowed
the jury to speculate on these considerations would
have meant that the jury's verdict would have been
based on pure conjecture.

As to whether the plaintiff's decedent was a pas-
senger for hire, the law is clear in Michigan that
the driver needs to receive a benefit, either of money,
services or other value, for the transportation re-
ceived. See *Collins* v. *Rydman* (1956), 344 Mich
588. Herein no benefits to the defendant's decedent
were ever proved. In fact, the plaintiff could not
prove that the defendant's decedent received any
benefit from having the plaintiff's decedent as a
rider.

Thus the trial court properly ruled that there was insufficient evidence on this question to go to the jury.

The second question raised on appeal is whether the issue of gross negligence should have been submitted to the jury, where the pleadings and pretrial statement refer only to negligence, under the circumstances presented by this case.

The order for directed verdict for defendant was premised on the statement by the trial judge that plaintiff predicated her case upon ordinary negligence. The trial judge based this determination on discussions prior to trial and the pretrial statement which indicated that plaintiff claimed that plaintiff's decedent was a paying passenger or, in the alternative, a joint venturer. The judge concluded from this that plaintiff's case rested on ordinary negligence.

Plaintiff contends that the trial court erred in refusing to submit the issue of gross negligence to the jury. We cannot agree. We reiterate, in passing, that we are not dealing with an appeal from a summary judgment wherein there has been no opportunity for the plaintiff to submit her proofs, but rather from an order granting defendant's motion for a directed verdict after plaintiff had presented her proofs.

According to the order for directed verdict discussed above, the parties had limited the issue prior to trial. It is well settled that "we must presume that the rulings of the trial court were correct, in the absence of anything showing them to be wrong." *Wagar* v. *Peak* (1871), 22 Mich 368, 371. Since the issue that defendant was liable to plaintiff on a theory of gross negligence was not before the trial court, it is not available on appeal. See *Baker Contractor, Inc.,* v. *Chris Nelsen & Son, Inc.* (1965), 1 Mich App 450.

Where the proofs presented to the trial court are available to the appellate court, it may well determine that the issue of gross negligence is one for a jury, based on its analysis of these proofs. In *McKenzie* v. *McKenzie* (1965) 374 Mich 320, the Supreme Court, after a *review* of the proofs presented, held that they made a case for the jury. And in *Brooks* v. *Haack* (1965), 374 Mich 261, the Court again reviewed the facts and, in *Brooks,* determined that the facts were insufficient to sustain the jury verdict. We emphasize that the instant case is distinguishable from the cited cases in that this Court does not have before it the proofs presented to the trial court.

Plaintiff filed a motion to file less than a full transcript on appeal which was granted pursuant to GCR 1963, 812.2(b), which reads in part:

"Upon motion of appellant for good cause shown, with notice to the opposing party, the trial court may order that some portion less than the full transcript may be transmitted."

Plaintiff cites *York* v. *Litteral* (1962), 367 Mich 462, to support her contention. The facts in *York* silhouette the difference between it and the case at bar. In *York,* the lower court impressed an equitable lien on property defendant was found to have purchased in his own name with plaintiff's money, although it did not make a finding of fraud as alleged in plaintiff's bill to establish a trust. The defendant alleged that he was prejudiced because the Court did not find fraud and was misled into defending on the grounds of fraud. The Court said at p 463:

"An examination of the bill of complaint and pretrial statement shows that defendant was sufficiently advised as to the facts that were testified to by the plaintiff and we see no merit to defendant's contention."

The pretrial statement in the instant case deals with the plaintiff's claim that plaintiff's decedent was a paying passenger or joint venturer. There is no mention of any other claim, or facts which would infer another claim or theory for relief. And, as discussed above, we do not have the transcript of the trial, as plaintiff chose to file only a partial record, and thus we cannot rule on the sufficiency of the evidence testified to at trial. Plaintiff's theory is not justiciable here without the record below. See *Ogontz School v. Spence* (1933), 261 Mich 518.

Affirmed, costs to defendant.

T. G. KAVANAGH and RASHID, JJ., concurred.