## ACCETOLA *v.* HOOD.

1. WITNESSES—EXPERT—QUALIFICATIONS—DISCRETION OF COURT.

　It is within the province and discretion of the trial court to determine the qualifications of an expert to testify, and an appellate court will interfere only to correct an abuse.

2. SAME—EXPERT—QUALIFICATIONS.

　Determination by trial court that mechanical engineer offered as expert witness in action arising out of alleged defects in ladder, who had extensive experience as a mechanical engineer and owned an engineering design shop, but had no experience in the design or manufacture of ladders and had not seen the ladder in suit until he came to court, was not qualified as an expert witness, *held*, not an abuse of discretion.

3. TRIAL—DIRECTED VERDICT—EVIDENCE.

　All facts and legitimate inferences must be construed in plaintiff's favor in deciding a motion for a directed verdict against the plaintiff.

4. NEGLIGENCE—DIRECTED VERDICT—EVIDENCE.

　The test to be applied to determine whether a case should be permitted to go to the jury in a negligence action is whether, in the light of all the evidence, circumstantial, direct, or whatsoever it may be, the plaintiff has produced sufficient evidence from which a jury might make a finding of negligence.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 20 Am Jur, Evidence § 786.
[3, 4] 53 Am Jur, Trial §§ 332, 336, 347–349.
[5] 46 Am Jur, Sales §§ 348, 350.
[6] 30 Am Jur 2d, Evidence § 1080 *et seq.*
[7] 46 Am Jur, Sales § 309.

5. TORTS — WARRANTY — MANUFACTURERS' LIABILITY — PROXIMATE
   CAUSE.

   The plaintiff who seeks to establish liability of a manufacturer
   for breach of an implied warranty of fitness when there is
   no privity of contract between plaintiff and manufacturer
   must prove that there was a defect in the article manufactured
   attributable to the manufacturer and must prove a causal
   connection between that defect and the injury or damage
   of which he complains.

6. EVIDENCE—INFERENCES.

   Inability to meet legal requirements of evidence in support of
   a theory does not brush aside rules and open the way to sup-
   position and inferences without evidentiary support.

7. SALES—INFERENCES—SUFFICIENCY OF EVIDENCE—DEFECT IN LAD-
   DER.

   Evidence produced by plaintiff at trial of action, against manu-
   facturer of ladder and retailer who rented it to plaintiff, for
   injury caused by alleged defect in ladder, *held,* insufficient to
   take the case to a jury, where the only evidence to show the
   defect was the plaintiff's testimony that he had special knowl-
   edge with reference to the use of ladders, and that he had
   used the ladder properly, and an examination of the ladder
   at trial showed a slight bind in one of the hooks of the
   ladder, which prevented it from working freely, but which
   was not shown to be a defect or to have existed at the time
   of the accident.

Appeal from Wayne; Fitzgerald (Neal), J. Sub-
mitted Division 1 February 7, 1967, at Detroit.
(Docket No. 1,394.)   Decided June 13, 1967.

Action by William J. Accetola against Thomas J.
Hood and Martha J. Hood, and Michigan Ladder
Company, a Michigan corporation, for personal in-
juries received while using a ladder belonging to
defendants Hood in their business as Hood's Paint
and Wallpaper, and manufactured by Michigan
Ladder Company.   Cross complaint by Hoods
against Michigan Ladder Co.   Directed verdict and

judgment for defendants at close of plaintiff's proofs. Plaintiff appeals. Affirmed.

*Albert Lopatin (Norman L. Zemke,* of counsel), for plaintiff.

*Richard A. Harvey,* for defendants Hood.

*Davidson, Gotshall, Kelly, Halsey & Kohl (Roger F. Wardle,* of counsel), for defendant Michigan Ladder Co.

LESINSKI, C. J. Plaintiff appeals a judgment entered on a directed verdict pursuant to defendants' motion therefor at the close of plaintiff's proofs.

The cause arose from an unfortunate fall which the plaintiff experienced on May 15, 1962. On that date, plaintiff was endeavoring to undertake repairs on the exterior of his house and was using a ladder which belonged to the defendants Hood and was allegedly manufactured by the corporate defendant, Michigan Ladder Company. Plaintiff's fall from said ladder resulted in personal injuries and he brought the instant action alleging in essence two legal theories for recovery—one sounding in tort for negligence, and the other for breach of warranty. Plaintiff alleged that he had rented the ladder in question, although it was shown at trial that he was not asked for rental and did not pay any amount therefor.

At trial, plaintiff attempted to introduce expert testimony by one John R. Apostle, a mechanical engineer. The defense's objection as to Mr. Apostle's qualifications to give opinion testimony as an expert was sustained, and the plaintiff was permitted to make a separate record out of the jury's presence.

Plaintiff here seeks to have us answer affirmatively either of two questions: (1) Whether the trial

court committed reversible error in refusing to find that plaintiff's alleged expert witness was sufficiently qualified as same to give opinion testimony, or (2) Whether the trial court committed reversible error in granting defendants' motion for a directed verdict.

We address ourselves to the issues in the order stated above.

Initially, we note that it was within the province and discretion of the trial court to determine the qualifications of an expert to testify, and that our Supreme Court has, historically, interfered "only to correct an abuse." *People* v. *Hawthorne* (1940), 293 Mich 15.[1] Thus, our potential area for review is limited.

While the record discloses that Mr. Apostle was educated as a mechanical engineer, had extensive experience as such and owned an engineering design shop, it also discloses that he had no experience in the design or manufacture of ladders and that he had not seen the ladder in question until he came to court. We find no abuse of discretion by the trial court in sustaining defendants' objection to Mr. Apostle's qualifications and in excluding his proffered expert testimony.

We now consider the second issue raised on appeal wherein plaintiff contends that the directed verdict for the defendants constituted reversible error. The shorthand version of this issue is expressed by the question: Did plaintiff establish a prima facie case?

It is undisputed that in deciding a motion for a directed verdict against the plaintiff all facts and legitimate inferences must be construed in plaintiff's favor. The plaintiff, on appeal, asserts that when this feat is performed, the facts and legitimate in-

---

[1] See *People* v. *Hawthorne* (1940), 293 Mich 15, at 23, for cases both civil and criminal, in support of this proposition.

ferences collated and analyzed preclude a removal of this case from jury consideration and bring it within the scope of *Piercefield* v. *Remington Arms Company, Inc.* (1965), 375 Mich 85.

Before discussing *Piercefield, supra,* we refer to a recent statement regarding the test to be applied to determine whether a case should be permitted to go to the jury or should be taken from it. In *Lipsitz* v. *Schechter* (1966), 377 Mich 685, 690, a tort action, the Court stated:

"The question here  *  *  * is whether, in the light of *all of the evidence*—circumstantial, direct, or whatsoever it may be, the plaintiff has produced sufficient evidence from which a jury might make a finding of negligence." (Emphasis in original.)

It is in a similar context that we scan the evidence here.[2] In keeping with this rule we assume, for the sole purpose of discussing the propriety of the directed verdict, that a rental was established.

*Piercefield, supra,* is well known to the Michigan bar as the case wherein the Court determined: (1) That "no privity" was eliminated as a defense where the plaintiff, an innocent bystander, brings an action for injuries against a manufacturer, and there is a defect in the manufacturer's product, attributable to said manufacturer, and a causal connection between the defect and the injury alleged; and (2) that the giving of notice under the uniform sales act[3] is not prerequisite to the institution and maintenance of such actions.[4] *Piercefield* compels

---

[2] We call the reader's attention as well to *House* v. *Gibbs* (1966), 4 Mich App 519, where, at p 525, we discuss cases involving the directed verdicts in collision cases involving guest passengers.

[3] Now embodied in the uniform commercial code, PA 1962, No 174, § 2607, CL 1948, § 440.2607 (Stat Ann 1964 Rev § 19.2607).

[4] In view of our disposition of this cause, it is not necessary for us to decide if a rental falls within the sales provisions of the uniform commercial code. In addition, the plaintiff does not so argue on appeal.

the plaintiff, who seeks a haven within its purview, to prove a defect in the article manufactured attributable to the manufacturer thereof and a causal connection between that defect and the injury or damage of which he complains.

Plaintiff here was not an innocent bystander. He was a party to the rental agreement. He chose the ladder, testified that he needed no instruction on its use; and he used it. A ladder was produced in the courtroom which the plaintiff stated was similar to the one he used when the accident occurred. Defendant Hood testified that he was positive that this was the ladder given to plaintiff. The inference is that the ladder in the courtroom was the ladder which plaintiff used at the time of the accident.

The next requirement under *Piercefield* is that the plaintiff show a defect in the article in question. The plaintiff sought to prove at trial, and through argument in his appellate brief, that he himself was possessed of some special knowledge with reference to the use of ladders, and that he didn't use the ladder in question until he was sure it was properly in position, and that, therefore, the inference is that it was properly used. He further testified that before he made the ascent, it seemed to him that the hook which encompassed the bottom rung of the ladder did not encompass the rung enough. The plaintiff further testified that while poised upon the ladder, it "disappeared on me"—and of course the fall was thus precipitated. Several days after the accident, the ladder was picked up by the Hoods who testified to using it after the plaintiff's accident until it was put away at their counsel's request for availability at trial. At the trial plaintiff called Robert F. Nissly, the vice-president of defendant Michigan Ladder Company, who, in examining the ladder in the courtroom, found a "slight bind" in one of the hooks of the ladder, which prevented it from work-

ing freely.   Plaintiff would have this Court infer
that this "slight bind" was a defect and that this
defect existed at the time of the accident in order to
fulfill the second *Piercefield* requirement.   There is
no testimony that the hook did not work freely prior
to the accident—only that plaintiff thought that it
did not encompass the rung enough.   Even if we
infer that this was a defect, we must then make an
inference that the defect existed at the time of the
accident to hold any of the defendants liable for the
injuries occasioned by the plaintiff's fall.

The ladder fell when the accident occurred.   The
alleged defect could have happened at that time.   It
was used subsequent to the accident.   The "slight
bind" could have been brought on when so used.   The
ladder was transported to and handled in court.   At
any time subsequent to the accident the defect could
have come into existence by a blow to the ladder.
Plaintiff produced no evidence from which the jury
could logically infer that it was in existence at the
time of the accident.

Finally, the plaintiff had to introduce proof of
proximate cause.   He had to show a causal relation-
ship.   Again, there were no proofs introduced from
which the jury could so infer.

The series of inferences which would have to be
drawn, one upon another, to establish a prima facie
case, is thus apparent.   The crucial distinction be-
tween permissible, logical inferences and impermis-
sible conjecture, and the attendant defects which
arise from piling inference upon inference, have
been cogently and amply discussed by the Michigan
Supreme Court on numerous occasions.   To restate
what has been stated would be needless repetition,
unduly lengthening this opinion.   In lieu of this we
refer to two recent cases of this Court wherein these
problems have been discussed, multiple authorities
considered, and disposition made thereof.   See *Sav-*

*age* v. *Peterson Distributing Company, Inc.* (1965),
1 Mich App 548; and *People* v. *Eaves* (1966), 4
Mich App 457, and cases cited therein. The requirements of *Lipsitz, supra,* have not been met.

. As was cogently stated in *Standard Drug Store*
v. *A. E. Wood & Co.* (1924), 227 Mich 333, 338:

"Inability to meet legal requirements of evidence
in support of a theory does not brush aside rules
and open the way to supposition and inferences without evidentiary support."

The directed verdict was proper.

Affirmed. Costs to appellees.

BURNS and QUINN, JJ., concurred.