## WASHINGTON v. JONES

AUTOMOBILES—GUEST PASSENGERS—GROSS NEGLIGENCE—EVIDENCE.

A directed verdict for the defendant in an action under the guest passenger statute was improperly denied where the record, viewed in the light most favorable to plaintiffs, disclosed that the driver of the automobile in which the injured plaintiff was a passenger, drove five miles per hour over the maximum speed limit on a three-lane expressway after the driver had consumed five drinks over a period of 10 or 12 hours; that the driver swerved to the right from the center lane and sideswiped another vehicle in the right lane; and that, while the jury could have inferred that the driver was drowsy, there were no facts, or any from which an inference could have been drawn, that the driver operated the automobile after she became aware of her drowsiness because both the facts and the permissible inference establish only negligence, not gross negligence.

REFERENCE FOR POINTS IN HEADNOTE
8 Am Jur 2d, Automobiles and Highway Traffic § 847 *et seq.*

Appeal from Wayne, Horace W. Gilmore, J. Submitted Division 1 April 14, 1970, at Detroit. (Docket Nos. 7,443, 7,444.) Decided June 24, 1970. Rehearing denied August 3, 1970. Leave to appeal granted December 31, 1970. 384 Mich 794.

Complaint by Samuel Washington against Emmanuel Jones and Margaret Sanders for gross negligence in the operation of a motor vehicle. Derivative complaint by Martha Washington for damages for gross negligence. Judgment for plaintiffs. Defendants appeal. Reversed and remanded.

*August, Frimet, Goren & Murphy,* P. C., for plaintiffs.

*Garan, Lucow & Miller,* for defendants.

Before: QUINN, P. J., and T. M. BURNS and O'HARA,* JJ.

QUINN, P. J. March 29, 1964 at about 5:10 a.m., on the eastbound Edsel Ford expressway in Detroit, a motor vehicle accident occurred in which Samuel Washington was severely injured. Mr. Washington was a guest passenger in an automobile owned by defendant Jones and driven by defendant Sanders with the consent of Jones. As required by CL 1948, § 257.401 (Stat Ann 1968 Rev § 9.2101), Samuel Washington's action for damages and his wife's derivative action for damages were founded on the alleged gross negligence of Sanders.

At the close of plaintiff's proofs, defendants moved for directed verdict on the basis that the proofs did not present a jury question on the issue of gross

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23, as amended in 1968.

negligence or willful and wanton misconduct. This motion was denied. It was renewed at the close of proofs and again denied. Substantial verdicts were returned for plaintiffs and judgments were entered thereon. Defendants' motion for judgment notwithstanding the verdict or, in the alternative, for a new trial, was denied and these appeals followed.

Viewed in the light most favorable to plaintiffs, this record discloses that defendant Sanders was driving 60 miles per hour on a three-lane expressway which had a maximum speed limit of 55 miles per hour, in light traffic and in clear weather, after she had consumed five drinks over a period of 10 or 12 hours duration. That she swerved to the right from the center lane of traffic and sideswiped another vehicle in the right lane of traffic. The record also discloses facts from which the jury could infer that defendant Sanders was drowsy at the time, but there are no facts, or facts from which an inference may be drawn, to indicate that defendant Sanders drove after she became aware of drowsiness.

Does the sum total of these factors amount to a showing that defendant Sanders had an affirmative reckless state of mind, *Brooks* v. *Haack* (1965), 374 Mich 261, 265? Does that sum total demonstrate a willful and wanton disregard for public safety on the part of defendant Sanders, *McKenzie* v. *McKenzie* (1965), 374 Mich 320, 324? Either by fact or inference, the sum total of these factors establishes no more than negligence, and this is insufficient for jury submission of a question of gross negligence.

This conclusion obviates discussion of the other issues raised on appeal.

Reversed and remanded for an entry of judgment notwithstanding the verdict for defendants with costs to them.

All concurred.