## WASHINGTON v. JONES

1. APPEAL AND ERROR — AUTOMOBILES — GUEST PASSENGERS — EVIDENCE.

The Michigan Supreme Court must look at the totality of the circumstances to determine whether there was sufficient evidence to submit the question of gross negligence to the jury in a guest passenger's action for damages for injuries sustained in an automobile accident and, on appeal, it must, of course, look at the facts in the light most favorable to plaintiffs.

2. AUTOMOBILES — GUEST PASSENGERS — GROSS NEGLIGENCE — JURY QUESTION.

Facts presented in an action for damages for injuries sustained by a guest passenger in a car were sufficient to go to a jury on the issue of gross negligence where the accident occurred in the early morning hours, the weather was clear, traffic was light, the pavement was dry, the driver had been drinking, the car was proceeding at five miles per hour over the speed limit, either another passenger or plaintiff yelled to the driver to watch out for a truck approaching from the rear, the driver swerved into the right hand lane of an expressway, sideswiped a vehicle, completely lost control, veered across the road, and smashed into a bridge abutment, the record showed that there was no truck behind the driver, and the jury could also have found that the rear window of the car was fogged up and that defendant made no attempt to wipe it off to improve visibility.

3. HUSBAND AND WIFE—CONSORTIUM—WORDS AND PHRASES—DAMAGES—EVIDENCE—BURDEN OF PROOF.

Loss of consortium technically means the loss of conjugal fellowship; however, it is legally recognized as including loss of

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 829.
[2] 8 Am Jur 2d, Automobiles and Highway Traffic § 1022.
[3, 4] 41 Am Jur 2d, Husband and Wife § 447 et seq.

society, companionship, service, and all other incidents of the marriage relationship and like any other element of damages, loss of consortium must be proved by a preponderance of the evidence and the plaintiff is required to carry the burden of proof.

4. DAMAGES—CONSORTIUM—EVIDENCE—PROOF.

Plaintiff-wife's assertion in her complaint "that as a direct and proximate result of the injuries suffered by her husband, plaintiff has been deprived of consortium with her husband, including loss of aid and comfort and affection, all to plaintiff's damage" without any evidence being introduced at trial concerning the marital relationship before and after the automobile accident in which her husband was injured, was not sufficient to support the verdict in her favor.

Appeal from Court of Appeals, Division 1, Quinn, P. J., and T. M. Burns and O'Hara, JJ., reversing and remanding Wayne, Horace W. Gilmore, J. Submitted October 8, 1971. (No. 17 October Term 1971, Docket Nos. 53,012, 53,013.)  Decided December 21, 1971.  Rehearing denied February 25, 1972.

24 Mich App 630 affirmed in part and reversed in part.

Complaint by Samuel Washington for damages for injuries sustained in an automobile accident and derivative complaint by Martha Washington for loss of consortium against Emmanuel Jones and Margaret Sanders.  Judgments for plaintiffs.  Defendants appealed to the Court of Appeals.  Reversed and remanded.  Plaintiffs appeal.  Affirmed in part and reversed in part.

*Frimet, Goren & Bellamy, P. C.,* for plaintiffs.

*Garan, Lucow, Miller & Lehman,* for defendants.

SWAINSON, J.  An automobile accident which occurred in the early morning hours of March 29, 1964,

gave rise to this cause of action. Plaintiff Samuel Washington brought an action for damages for injuries sustained while a guest passenger in a car driven by defendant Margaret Sanders and owned by defendant Emmanuel Jones. His wife brought a derivative claim for damages for loss of consortium.

Plaintiff Samuel Washington's injuries included permanent and total blindness and loss of the olfactory sense. A jury returned a verdict of $311,000 in favor of Samuel Washington and of $10,000 on behalf of his wife. The Court of Appeals reversed, and remanded for entry of judgment notwithstanding the verdict.* We granted leave to appeal. 384 Mich 794.

The accident occurred at about 5:10 a.m. on the eastbound Edsel Ford Expressway. Defendant Sanders was driving defendant Jones' car, with defendant Jones and plaintiff Samuel Washington as passengers. The weather was clear, traffic was light, the pavement was dry, and it is not disputed that the speed limit was 55 miles per hour. Defendant Sanders had been driving plaintiff Washington and defendant Jones around all evening taking them from one drinking party to the next. In the course of the evening, she had consumed at least five drinks. When the group left the last party in Inkster and prepared to return to Detroit, defendant Sanders observed that she could not see out of the rear window of the car inasmuch as it had fogged up. Defendant Sanders stopped at a restaurant and had a cup of coffee and then proceeded along the Edsel Ford Expressway at 60 miles per hour. The accident occurred when either defendant Jones or plaintiff Washington yelled to Mrs. Sanders to watch out for a truck approaching from the rear. Defendant Sanders swerved into the right

---

* *Washington* v. *Jones* (1970), 24 Mich App 630.

hand lane, sideswiped a vehicle, completely lost control, veered across the road, and smashed into a bridge abutment. The record shows that there was no truck behind her.

The basic issue in this case is whether there was sufficient evidence to submit the question of gross negligence to the jury.

## I.

The Court of Appeals held that at most plaintiff had proved negligence, and cited *Brooks* v. *Haack* (1965), 374 Mich 261, and *McKenzie* v. *McKenzie* (1965), 374 Mich 320. We believe that neither of these cases is controlling on the disposition of this case.

In *Brooks,* our Court reversed a jury verdict of $3,000 and held there was insufficient evidence of gross negligence to go to the jury. Freddie Brooks was found dead in a wrecked car. No testimony was given at the trial concerning the facts leading up to the accident. As Justice SMITH stated for our Court (p 266):

> "[I]n the instant case, we have an absolute void as to what was the driver's behavior leading up to the accident. Was it fright? Was it mere sleepiness? Inexperience? Or was the speed so greatly excessive as to constitute gross negligence or wilful and wanton misconduct? The proofs seem to provide no adequate answer."

In the present case there was evidence as to the facts leading up to the accident.

*McKenzie,* cited by the Court of Appeals, supports plaintiffs' position. In that case our Court reversed a directed verdict in defendant's favor. Justice BLACK, speaking for the Court, stated (p 323):

"Being of view that the trial judge failed, in conjunction with the rule of favorable view, to consider the totality of defendant's highly dangerous acts, we are obliged to disagree with the judge's conclusion."

See, also, *Stevens* v. *Stevens* (1959), 355 Mich 363, 371.

This is precisely what our Court must do in this case. We must look at the totality of the circumstances to determine whether there was sufficient evidence to go to the jury.

While both parties have cited numerous cases in behalf of their respective positions, all are of little value in a case involving gross negligence. In *Tien* v. *Barkel* (1958), 351 Mich 276, 282, Justice BLACK pointed out:

"We should not leave the subject of present discussion without having written into our scroll a short measure of advices for bench and bar. Mr. Justice BUTZEL, writing in *Rinkevich* v. *Coeling* [1955], 344 Mich 493, for a then presciently enlightened half of the Court, asserted in accurate sum (page 499 of report) that each of these guest-passenger cases is *sui generis* in its factual circumstances. He said, too, for the same bisection of our Court, that Michigan decisions construing the mentioned proviso 'are so numerous and in some instances so irreconcilable with other decisions that it would serve no purpose to here set forth in detail each one for the purpose of distinguishing or following it,' (p 498 of report) To this—amen. We conclude the confessional with definite declaration of support of that which Judge Smith drew from *Rinkevich,* that is to say, we agree that this Court has now arrived at the point of 'enlarging that area in which the question of the existence of gross negligence or wilful and wanton misconduct becomes a matter for the jury.' (p 499 of report of *Rinkevich*) *Peyton* v. *Delnay* [(1957), 348 Mich 238], decided

while this appeal by defendants was pending, lends authoritative force to Mr. Justice BUTZEL's opinion in *Rinkevich.*"

On this appeal, we must, of course, look at the facts in the light most favorable to plaintiffs. *Prentkiewicz* v. *Karp* (1965), 375 Mich 367.

The Court of Appeals in its opinion herein stated (p 632):

"Viewed in the light most favorable to plaintiffs, this record discloses that defendant Sanders was driving 60 miles per hour on a three-lane expressway which had a maximum speed limit of 55 miles per hour, in light traffic and in clear weather, after she had consumed five drinks over a period of 10 or 12 hours duration. That she swerved to the right from the center lane of traffic and sideswiped another vehicle in the right lane of traffic. The record also discloses facts from which the jury could infer that defendant Sanders was drowsy at the time, but there are no facts, or facts from which an inference may be drawn, to indicate that defendant Sanders drove after she became aware of drowsiness."

In addition, a jury could also find that the rear window of the car was fogged up and that defendant made no attempt to wipe it off to improve her visibility.

We believe that the facts presented in this case were sufficient to go to a jury on the issue of gross negligence. A very close question is presented, but as we held in *Tien* v. *Barkel, supra* (p 283):

"Whether the given motion for instructed verdict tests the sufficiency of evidence as proving ordinary negligence (or disproving contributory negligence) on the one hand, or as proving wilful and wanton misconduct under the statute on the other, the doubtful case in each instance calls for jury instruction and jury verdict rather than a verdict by order of the court."

## II.

Defendant contends that the trial court committed reversible error by excluding certain evidence of plaintiff Samuel Washington's relationship with another woman. Defendant asserts that this was relevant in determining plaintiff wife's damages for loss of consortium.

Loss of consortium technically means the loss of conjugal fellowship. However, it is legally recognized as including loss of society, companionship, service, and all other incidents of the marriage relationship. *Montgomery* v. *Stephen* (1960), 359 Mich 33; *Whitson* v. *Whiteley Poultry Co.* (1968), 11 Mich App 598. Like any other element of damages, loss of consortium must be proved by a preponderance of the evidence and the plaintiff is required to carry the burden of proof. *Moyer* v. *Shampo* (1959), 357 Mich 391.

Plaintiff wife testified on direct examination concerning the extent of her husband's injuries. She gave testimony that he suffered a great deal of pain and that he could not take care of himself for at least eight months after the accident. While this was competent evidence on his action for damages, it was not proof of loss of consortium. No evidence was given concerning their marital relationship before and after the accident. Plaintiff wife's assertion in her complaint "that as a direct and proximate result of the injuries suffered by her husband, plaintiff has been deprived of consortium with her husband, including loss of aid and comfort and affection, all to plaintiff's damage," without any evidence being introduced at trial, is not sufficient to support the $10,000 verdict in her favor. *Vachon* v. *Todorovich* (1959), 356 Mich 182, 188. Thus, insofar as plaintiff wife's action for loss of con-

sortium is concerned, the Court of Appeals is affirmed.

Defendants raise several other issues concerning the instructions given by the trial court. After a careful review of the record, we find no merit in any of these objections.

The judgment of the Court of Appeals is reversed in part and affirmed in part. No costs, neither party having prevailed in full.

T. M. KAVANAGH, C. J., and BLACK, ADAMS, T. E. BRENNAN, T. G. KAVANAGH, and WILLIAMS, JJ., concurred with SWAINSON, J.