EVANS v HACKARD

NEGLIGENCE—GROSS NEGLIGENCE—QUESTION OF FACT.

Whether acts amount to gross negligence or willful and wanton misconduct is a question of fact.

Appeal from Macomb, George R. Deneweth, J. Submitted Division 2 November 13, 1970, at Detroit. (Docket No. 9356.) Decided December 10, 1970, 29 Mich App 291. Leave to appeal denied, 384 Mich 822. Remanded for further review to the Court of Appeals in lieu of grant of leave to appeal, 386 Mich 786. Decided May 24, 1972.

Complaint by Lorin Evans, for herself and as next friend of Cynthia Evans, against Michael Hackard for automobile negligence. Verdict and judgment for plaintiffs. Defendant appealed. Reversed with instructions to enter a judgment notwithstanding the verdict. Plaintiffs appealed to the Supreme Court. In lieu of granting leave to appeal, the Supreme Court remanded the case to the Court of Appeals for disposition in light of a recent decision by the Supreme Court. The previous order granting judgment notwithstanding the verdict is vacated.

*Lopatin, Miller & Bindes (Michael H. Feiler,* of counsel), for plaintiffs.

*Eggenberger, Eggenberger, McKinney & Weber,* for defendant.

REFERENCE FOR POINTS IN HEADNOTE
57 Am Jur 2d, Negligence §§ 94, 99, 107.

Before: McGREGOR, P. J., and HOLBROOK and O'HARA,* JJ.

ON REMAND BY THE SUPREME COURT.

O'HARA, J. This case was remanded to us by the Supreme Court and we quote from the order:

"(F)or further review, further appellate proceedings as may be necessary, and for disposition in light of this Court's decision in *Washington v Jones and Sanders,* 386 Mich 466 (1971)." 386 Mich 786 (1972).

In our original opinion,[1] we held proofs adduced in support of the allegation of gross negligence or willful and wanton misconduct were insufficient to create a jury question. We directed entry of an order granting judgment for the defendant *non obstante veredicto.*

*Washington, supra,* reversed an order of this Court directing a verdict for defendant on the ground that gross negligence or willful and wanton misconduct was not established. The Supreme Court held the issue was one of fact for the jury.

In the instant case, the trial judge denied a motion for a directed verdict and submitted the issue of gross negligence to the jury. They returned a verdict for plaintiff, thereby manifesting that they found defendant's conduct to have amounted to gross negligence or willful and wanton misconduct.

While the proofs supporting the claim of gross negligence here seem to us to be measurably less than those in *Washington* (defendant here having

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] 29 Mich App 291 (1970).

run a red light), we can only read the order of remand to mean that we should have affirmed the jury verdict.

Thus we vacate our prior order ordering the grant of a judgment *n.o.v.* We direct the trial judge to enter judgment on the jury verdict.

All concurred.