### ARMSTRONG v LeBLANC

1. NEGLIGENCE—ISSUE OF FACT—JURY QUESTION—DIRECTED VERDICT.

The issue of negligence is generally a fact issue for a jury, but where the record reveals that no reasonable person would hold a defendant free from negligence, it was proper for the trial court to direct a verdict.

2. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—SUBSEQUENT NEGLIGENCE—DIRECTED VERDICT.

The granting of a plaintiff's motion for a directed verdict on the issue of contributory negligence was proper where any contributory negligence of the plaintiff became inoperative because of the defendant's subsequent negligence.

3. DAMAGES—EVIDENCE—LOSS OF CONSORTIUM.

A husband's testimony that he was in a hospital for long periods and experienced pain and difficulty in sleeping when he returned home was not sufficient to support a wife's claim for loss of consortium where it was the only testimony offered.

Appeal from Saginaw, Joseph R. McDonald, J. Submitted Division 3 February 6, 1974, at Lansing. (Docket No. 15312.) Decided March 4, 1974. Leave to appeal granted, 392 Mich —.

Complaint by Joseph Armstrong and Beverly Armstrong against John E. LeBlanc and Ralph F. Emerson for damages resulting from an automobile-pedestrian accident. Judgments for plaintiffs. Defendants appeal. Affirmed as to plaintiff Joseph Armstrong. Reversed as to plaintiff Beverly Armstrong.

REFERENCES FOR POINTS IN HEADNOTES
[1] 57 Am Jur 2d, Negligence §§ 7, 9.
[2] 57 Am Jur 2d, Negligence §§ 297, 322.
[3] 41 Am Jur 2d, Husband and Wife § 456.

*van Benschoten & van Benschoten, P. C.,* for plaintiffs.

*Collison & Fordney, P. C.,* for defendants.

Before: BRONSON, P. J., and QUINN and VAN VALKENBURG,* JJ.

QUINN, J. Plaintiffs recovered jury verdicts and judgments in their action for personal injuries against defendants and defendants appeal.

Joseph Armstrong is a state police officer. On December 30, 1968, he was standing on the east shoulder of the Dixie highway but near the edge of the pavement. He was questioning a person who had been stopped for speeding. Defendant Emerson was operating a truck owned by defendant Le-Blanc in a northerly direction on said highway. The truck was travelling in the easternmost lane of the four lane highway. The right outside rear view mirror on the truck struck the officer causing the injuries complained of. Beverly Armstrong's derivative action was for loss of consortium.

As the officer walked back to the car he had stopped, he saw defendant's truck entering the Dixie highway about three-tenths of a mile away. Officer Armstrong made no further observation of the truck. It was daylight, the weather was clear, and visibility good. The northbound passing lane was snow-covered and slippery but it was traversable. Defendant Emerson admitted he was aware of the officer's position far enough in advance to stop the truck before the accident, to honk his horn, or to change lanes. Emerson acknowledged that he took none of these actions but that he only veered left to the extent that the left wheel was on the

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

centerline of the two northbound lanes. Emerson knew the road and had driven it previously that day. He estimated the width of the lanes on Dixie highway to be nine feet, and he knew the overall width of the truck, including the outside mirror which struck plaintiff, to be eight and one-half feet.

At the close of proofs, the trial judge granted plaintiffs' motion for directed verdict on the issues of negligence and contributory negligence. The trial judge denied defendants' motion for directed verdict as to Beverly Armstrong. The verdicts and judgments were $50,000 as to Joseph Armstrong and $1,000 as to Beverly.

On appeal, defendants contend that the issues of negligence and contributory negligence were fact issues for the jury. This contention is generally correct, but on the record before us on the issue of negligence, we find that no reasonable person would hold defendant Emerson free from negligence. We affirm the directed verdict as to Emerson's negligence.

Without reciting them, the record does contain facts which create a fact question as to Joseph Armstrong's contributory negligence. However, Emerson was aware of Armstrong's danger at a time when Emerson could have avoided the accident by the exercise of reasonable care, and this he failed to do by his own admissions. Any contributory negligence of Armstrong became inoperative in view of Emerson's subsequent negligence, *LaCroix v Grand Trunk W R Co,* 379 Mich 417; 152 NW2d 656 (1967). We affirm the directed verdict on the issue of contributory negligence.

Beverly Armstrong did not testify. The only evidence in support of her claim for loss of consortium was her husband's testimony that he was in

the hospital for long periods and experienced pain and difficulty in sleeping when he returned home. This does not support the claimed loss of consortium, *Washington v Jones,* 386 Mich 466, 472; 192 NW2d 234, 237 (1971). Defendant's motion for directed verdict as to Beverly Armstrong should have been granted.

The other errors asserted on appeal are not of reversible variety and merit no further comment.

Affirmed as to plaintiff Joseph Armstrong; reversed as to plaintiff Beverly Armstrong. Neither side having fully prevailed, no costs are awarded.

All concurred.