# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 10, 2015

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein,
Justices

149229

WILLIAM LUCKETT IV, a Minor, by his Next
Friends BEVERLY LUCKETT and WILLIAM
LUCKETT,
        Plaintiffs-Appellees,

v

        SC: 149229
        COA: 313280
        Macomb CC: 2010-004265-NI

SOUTHEAST MACOMB SANITARY DISTRICT
and PATRICK O'CONNELL,
        Defendants-Appellees,
and

RICK KITTELL,
        Defendant-Appellant.

_____/

On order of the Court, the application for leave to appeal the March 25, 2014 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REVERSE in part the judgment of the Court of Appeals and we REMAND this case to the Macomb Circuit Court for entry of summary disposition in favor of defendant Rick Kittell. The only evidence concerning the illumination of the Rio Vista Pier lights before the snowmobile accident was Kittell's log in which he recorded that the pier lights were all illuminated approximately 20 minutes prior to the accident. The plaintiffs' evidence all concerned the status of the lights following the accident. There is no evidence that Kittell was grossly negligent, that is, that he engaged in "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(7)(a). Neither is there any evidence that Kittell's acts or omissions were the proximate cause of the plaintiff's injuries. See *Robinson v Detroit,* 462 Mich 439 (2000).

BERNSTEIN, J. (*dissenting*).

I respectfully dissent from this Court's order reversing in part the judgment of the Court of Appeals and remanding to the trial court for entry of summary disposition in

favor of all defendants. I would instead deny leave to appeal. I believe the Court of Appeals correctly ruled that because there exists a genuine issue of material fact with respect to defendant Rick Kittell, he is not entitled to summary disposition.

Plaintiffs are the parents of William Luckett IV, a minor at the time this suit was initially filed. On March 12, 2008, William was driving his father's snowmobile on a frozen lake when he crashed into a pier and was thrown onto the ice. William was rendered quadriplegic as a result of the accident. On William's behalf, plaintiffs sued defendants, who were responsible for maintaining the lights on the pier. Plaintiffs conceded that governmental immunity entitled defendant Southeast Macomb Sanitary District to summary disposition under MCR 2.116(C)(7). However, plaintiffs maintained that the individual defendants, Patrick O'Connell and Kittell, were liable because their conduct amounted to "gross negligence" that was the "proximate cause of the injury." See MCL 691.1407(2)(c). The trial court ruled that the evidence was insufficient to establish gross negligence, granting summary disposition in favor of both O'Connell and Kittell pursuant to MCR 2.116(C)(7) and (10). The Court of Appeals affirmed the trial court's decision with respect to O'Connell but reversed with respect to Kittell. The Court of Appeals concluded that a genuine issue of material fact existed regarding whether Kittell's acts or omissions amounted to gross negligence and that a reasonable jury could conclude that Kittell's conduct was the proximate cause of the accident. *Luckett v South Macomb Disposal Auth*, unpublished opinion per curiam of the Court of Appeals, issued March 25, 2014 (Docket No. 313280).

I agree with the Court of Appeals. With respect to Kittell, while there was conflicting evidence, when that evidence is viewed in the light most favorable to plaintiff, I believe that a genuine issue of material fact exists. See MCR 2.116(C)(10); *Maiden v Rozwood*, 461 Mich 109, 120 (1999). A motion for summary disposition should only be granted if evidence establishes that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. MCR 2.116(C)(10) and (G)(4); *Quinto v Cross & Peters Co*, 451 Mich 358, 361-363 (1996). A close case " 'calls for jury instruction and jury verdict rather than a verdict by order of the court.' " *Washington v Jones*, 386 Mich 466, 471 (1971), quoting *Tien v Barkel*, 351 Mich 276, 283 (1958). In this particular case, with respect to Kittell, I believe the proofs should be submitted to a jury to determine the ultimate outcome of the claim.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 10, 2015



Clerk

t0407