## THOMAS HILL v. DAVID B. TAYLOR.

*Embezzlement—Local jurisdiction—Knowledge of the law—Good faith of accuser—False imprisonment—Arrest.*

A criminal prosecution for embezzlement cannot be conducted outside of the county where the offence was perpetrated, whether actually or in contemplation of law; and a warrant issued by a justice of some other county for the arrest of a person charged therewith is invalid on its face.

Actual knowledge of the law is not so conclusively presumed as to charge with malice one who is acting in reliance on what he reasonably believes to be lawful; and if his act is really unlawful, he cannot be held to the same measure of liability as if he did it in defiance of law.

One who makes a criminal complaint without sufficient cause ought not to be put on the footing of an intentional law-breaker if he had the co-operation of the regular criminal authorities, unless it appears that he knew he was acting unlawfully.

A person making complaint can only be liable for false imprisonment where the officer making the arrest is liable, though his animus may aggravate his liability. But his animus will not make him liable if his purpose is not carried out, unless, perhaps, where he seeks to serve the warrant himself.

An arrest is not made where the officer purporting to make it merely informs the person to be arrested, of his business, and neither takes him into custody nor in any way deprives him of freedom of action.

An action for false imprisonment will not lie where the plaintiff has not been arrested, and though his manual seizure is not necessary to an arrest, there must be some sort of personal coercion.

The Superior Court of Detroit has jurisdiction of an action for false imprisonment if the plaintiff lives in Detroit and the action complained of as an arrest was made in that city.

Error to the Superior Court of Detroit. (Chipman, J.)
April 26.—June 6.

CASE. Defendant Taylor brings error. Reversed.

*David B. Taylor*, in person, for appellant. The broad
jurisdiction in transitory actions which the statute establish-
ing the Superior Court of Detroit, confers upon it, cannot
be supported : *G. R., N. & L. S. R. R. Co. v. Gray*
38 Mich. 461; *Gott v. Brigham* 41 Mich. 227; *Bagley
v. Pridgeon* 42 Mich. 550; *Thompson v. School District* 25
Mich. 487; *Jones v. Kent Circuit Judge* 35 Mich. 496;
*Covell v. Treasurer of Kent Co.* 36 Mich. 333; *Heath v.
Kent Circuit Judge* 37 Mich. 374; 3 Comyns Digest 328.
Courts (O) 3; 2 Bacon's Ab. 630–631–790–791; *Perrin v.
West* 3 Adol. & El. 405; *King v. Danser* 6 Term 242;
*Brooks v. Moravia* 2 H. Bl. 220; *Briscoe v. Stephens* 2 Bing.
213; *Mayor of London v. Queen* 13 Q. B. 29; *Cox v.
Mayor of London* 1 H. & C. 355; Grant on Corporations
460 note *m*; *Meyer v. Kalkmann* 6 Cal. 582; *People v.
Evans* 18 Ill. 361; *Covill v. Phy* 26 Ill. 432; *Supervisors
v. Young* 31 Ill. 198; *Joslyn v. Dickerson* 71 Ill. 25;
*Landers v. Staten Island R. R. Co.* 53 N. Y. 450; *Hoag
v. Lamont* 60 N. Y. 96.

*Griffin, Dickinson, Thurber & Hosmer* for appellee. The
intention to arrest and the understanding that the arrest is
made, is sufficient to effect the arrest : *Grainger v. Hill* 4
Bing. N. C. 212, 222; *Russen v. Lucas* 1 C. & P. 153; *Pike
v. Hanson* 9 N. H. 491; *Emery v. Chesley* 18 N. H. 202;
*Jones v. Jones* 13 Ired. L. 448; *Jones v. Jones* 1 Jones L.
491; *Journey v. Sharpe* 4 Jones L. 165; *U. S. v. Benner* 1
Bald. 239.

CAMPBELL, J. Hill prosecuted Taylor for false imprison-
ment in being concerned in an unlawful arrest, and obtained
a judgment against him for damages, which is brought up
on writ of error.

The proceeding under which he claims to have been
arrested was on a complaint made before a justice of the

peace in Washtenaw, for an alleged embezzlement in Wayne county. This action was based on § 7605 of the Compiled Laws which authorizes embezzlement by various public agents, or by private agents under written instructions or agreements as to disposal of property, to be prosecuted in the county where the complainant's principal place of business may be.

Although there are some cases where by the rules of law that might be deemed the locus delicti, it cannot be seriously claimed that the prosecution can be had in a county where the crime was not actually or in contemplation of law perpetrated. The constitutional guaranty on this subject is too plain to be controverted. *Swart v. Kimball* 43 Mich. 444. And the warrant in this case was on its face invalid as issued for an offence beyond the jurisdiction of the justice who issued it.

But we think the court below while properly holding it void, went too far in holding that if the warrant was illegal the defendant would be liable substantially to the same extent whether he believed it valid or not. It is undoubtedly true that every one is bound to know the law, and is liable for actual damages for his trespass though honestly committed. But there is no such conclusive presumption of an actual knowledge of the law as will make a party guilty of malice when he is acting in reliance upon what he had reason to believe and does believe is lawful. If a man actually believes a statute to be constitutional which is unconstitutional, the case must be a very plain one which would make such ignorance of the law culpable. *Black v. Ward* 27 Mich. 191. A man in the pursuit of legal remedies may lawfully do things which cannot be justified by any high sense of honor. If he does the same things unlawfully, but with not only an actual but also a reasonably founded belief in their lawfulness, while he is responsible for wrongs done it would be very unjust to hold him to the same measure of liability as if the acts done were in known defiance of law. This particular statute has never been passed upon by this Court, although there is reason to

believe it has been acted on. There are cases to which it may lawfully apply. See *People v. McKinney* 10 Mich. 54. The defendant ought not to have been put on the footing of an intentional law-breaker when he had the concurrence of the regular criminal authorities of Washtenaw county in his proceedings, unless it was shown, and we find no evidence of this, that he was conscious of the illegal quality of his act and did it in knowing disregard of law.

But we are, also, unable to find anything in the record showing false imprisonment at all. The only arrest, if one was made, was by the officer, and defendant could only be liable if the officer was liable, although if liable the spirit of his conduct may have rendered him more heavily liable. But he did not serve or control the warrant. There is abundance of evidence that he wished an arrest to be made, and endeavored to urge the officer to more diligence. But the testimony of plaintiff is entirely inconsistent with the idea that he was ever deprived of his liberty at all. The officer appears to have done no more than inform him of his business, but he never took him into custody, and never, as plaintiff testifies, deprived him of freedom of action. The case, therefore, was improperly left to the jury to find an arrest. A verdict ought to have been directed for the defendant. There can be no such thing as an action for false imprisonment where the plaintiff has not been arrested ; and while, as has been held, manual seizure is not necessary, there must be that or its equivalent in some sort of personal coercion. It may be questionable how far the declaration would support any action not based on less than an actual physical arrest, including a real or technical assault. But on this we give no opinion. We think no arrest was shown.

If defendant had himself been the officer and held the warrant the case might have been different. But while it seems that it was not his forbearance which prevented an arrest, he is not liable in this action for wishes not carried out.

An objection was made to the jurisdiction of the Superior Court which we think groundless. The plaintiff resided in

Detroit, and the arrest, if made, was made in Detroit. It was competent to put the jurisdiction of such a matter in the Superior Court, if it was competent to create the Court at all.

We have not referred to other questions because, unless the testimony is changed, we do not see that they will arise again. The judgment must be reversed with costs and a new trial granted.

GRAVES, C. J. and COOLEY, J. concurred.