---

PEOPLE *v.* BROCK.

CONSTITUTIONAL LAW— TRIAL BY JURY— CRIMINAL LAW— VENUE OF PROSECUTION—LARCENY FROM RAILROAD CAR EN ROUTE.
    Section 11633, 3 Comp. Laws, providing that larceny in a railroad car en route may be prosecuted in any county through which the car passes, is invalid as in conflict with section 27, article 6, of the Constitution, guaranteeing trial by jury.

Error to Oakland; Smith, J. Submitted June 13, 1907. (Docket No. 119.) Decided September 20, 1907.

Leo Brock was convicted of stealing from a railway car, en route, under 3 Comp. Laws, § 11633, and sentenced to imprisonment for not less than 2½ nor more than 5 years in the State prison at Jackson. Reversed.

*Rockwell & Zimmermann,* for appellant.

*Frank L. Covert,* Prosecuting Attorney, and *C. S. Matthews,* Assistant Prosecuting Attorney, for the people.

HOOKER, J.   The defendant was convicted of stealing property from a car en route from Detroit to Ovid, under 3 Comp. Laws, § 11633.   He was convicted in Oakland county, and the proof indicated that the act was committed in the adjoining county of Wayne and not in Oakland county, and no testimony was offered tending to show that the articles were stolen in Oakland county, where the information alleges that they were stolen.   The court instructed the jury that the defendant might, lawfully, be convicted of the offense charged, although the theft was committed in the county of Wayne and not of Oakland.   This was clearly error unless the same was justified by the statute cited, which provides:

" That every person who shall commit the crime of larceny in a railroad car while in the State of Michigan, and en route, shall be liable to prosecution in any county through which said car passes, and any court of competent jurisdiction of said county shall have jurisdiction to try and determine said cause the same as though said offenses had been committed in the county where the complaint is made."

Counsel for respondent claim that said section is in conflict with article 6, § 27, of the Constitution, i. e.:

" The right of trial by jury shall remain, but shall be deemed to be waived in all civil cases, unless demanded by one of the parties, in such manner as shall be prescribed by law."

The case of *Swart* v. *Kimball,* 43 Mich. 443, construed this section of the Constitution, holding that the right there reserved to the people was trial by jury as it had become known to the previous jurisprudence of the State, one of the essentials of which was a trial in the county where the alleged offense was committed.   In that case

149 MICH.—30.

a prosecution for trespass on State lands was attempted in a county other than that in which the lands were situated. The act was held void.

It is contended that the statute upon which the case now before us rests, is distinguishable, and may be sustained. This claim may be resolved into the suggestion that when property has been stolen from a railroad car in transit, there may be difficulty in proving where the car was, at the time the property was taken, and therefore that there is a necessity for such a statute, otherwise the offense cannot be charged with any degree of accuracy or certainty of conviction.

It is no uncommon thing to have criminal prosecutions fail for want of proof, and while the danger of such failure may be greater in this class of cases than in others, it is not made clear to us how a man can be lawfully deprived of a constitutional right for such a reason. It would be a startling innovation should we say that the legislature has power to subject a person charged with crime to prosecution in any one of several counties, covering a strip of territory coextensive with the length or breadth of the State, at the prosecutor's election, and yet, that is what this statute authorizes if it is valid. It cannot be said that this offense was in "contemplation of law" committed in each of said counties, as in a case where property stolen in one county is carried by the thief into another, or possibly where an act done in one county contributes to the commission of the offense in another. See 2 Wharton on Criminal Law, § 1397.

Whatever may have been held by the courts of other States, the cases of *Swart* v. *Kimball*, supra, and *Hill* v. *Taylor*, 50 Mich. 551, settle the rule for Michigan. It is unnecessary to pass on other questions raised.

The judgment is reversed, and a new trial ordered.

McALVAY, C. J., and CARPENTER, GRANT, and MOORE, JJ., concurred.