PEOPLE *v.* OLSON.

FISH—SEIZURE OF ILLEGAL SHIPMENT—CONSTRUCTIVE PRESENCE.

Commercial fisherman who resides in one county may not, as consignor of illegal shipment by common carrier of undersized fish, be prosecuted in another county into which he had not gone but into which such fish were carried by common carrier and then seized by conservation officers, on theory that defendant was constructively present in such latter county because of his possession of the fish prior to delivery to the consignee (2 Comp. Laws 1929, § 6318).

BUSHNELL, C. J., and SHARPE and McALLISTER, JJ., dissenting.

Appeal from Newaygo; Pugsley (Earl C.), J. Submitted April 11, 1940. (Docket No. 122, Calendar No. 40,994.) Decided June 3, 1940.

Ole Olson was convicted of a violation of the commercial fishing law in justice court. Defendant appealed to circuit court. From judgment of circuit court quashing the complaint and warrant and dismissing cause, the people appeal. Affirmed.

*Thomas Read,* Attorney General, *Edmund E. Shepherd* and *Kenneth G. Prettie,* Assistants Attorney General, and *J. Donald Murphy,* Prosecuting Attorney, for the people.

*Harris E. Galpin,* for defendant.

POTTER, J. Defendant, residing in Frankfort, Benzie county, was arrested in Newaygo county. He continued to reside in Benzie county. It is claimed

he shipped undersized fish over the Pere Marquette Railroad and that these undersized fish were seized in Newaygo county, and defendant was thereupon arrested and prosecuted in that county although at that time he was a nonresident thereof. There is no claim he was in Newaygo county at the time.

The prosecution is based upon the theory that defendant was constructively present in Newaygo county and may, therefore, be prosecuted in that county.

After these fish were shipped by defendant he was not in Newaygo county and cannot, therefore, be prosecuted in that county upon any theory of constructive possession of the fish in Newaygo county. There is no such thing as constructive criminal cases. Defendant was entitled to a trial by a jury of the vicinage. *Swart* v. *Kimball,* 43 Mich. 443.

"A citizen is arrested on a criminal accusation and carried off to a distant part of the State for trial. If he is poor and relies upon many witnesses for his exculpation, this will almost of necessity put it out of his power to make a complete defense: if he is a man of moderate means, the defense may ruin him." *Swart* v. *Kimball, supra.*

The statute (2 Comp. Laws 1929, § 6318 [Stat. Ann. § 13.1503]), under which defendant was arrested, provides that the possession of the illegal fish shall be construed to remain in the consignor until delivered to the consignee. The common carrier is not subject to the provisions of this act. The possession remained in the consignor in Benzie county.

"Constructive crimes—crimes built up by courts with the aid of inference, implication, and strained interpretation—are repugnant to the spirit and letter of English and American criminal law." *Ex parte McNulty,* 77 Cal. 164 (19 Pac. 237, 11 Am. St. Rep. 257).

"We have not the slightest hesitation in declaring that the act of 1857 (Act No. 100, Pub. Acts 1857) so far as it undertakes to authorize a trial in some other county than that of the alleged offense, is oppressive, unwarranted by the Constitution, and utterly void." *Swart* v. *Kimball, supra.*

"It cannot be seriously claimed that the prosecution can be had in a county where the crime was not actually or in contemplation of law perpetrated." *Hill* v. *Taylor*, 50 Mich. 549.

The record is entirely barren of any evidence that the crime with which defendant was charged had been committed in Newaygo county where the trial was had.

See, also, *People* v. *Jackzo*, 206 Mich. 183.

The crime of possession of illegal fish by defendant was not committed in Newaygo county. The trial court was not in error in holding defendant could not be prosecuted in Newaygo county but, if prosecuted at all, must be prosecuted in Benzie county.

CHANDLER, WIEST, and BUTZEL, JJ., concurred with POTTER, J. NORTH, J., concurred in the result.

BUSHNELL, C. J. (*dissenting*). This is an appeal from a judgment entered in the circuit court, reversing a conviction in the justice court and discharging the respondent. Section 14 of the commercial fishing law (2 Comp. Laws 1929, § 6320, as amended by Act No. 255, Pub. Acts 1933, Act No. 235, Pub. Acts 1935, and Act No. 348, Pub. Acts 1937 [Stat. Ann. § 13.1505]) makes it unlawful to market or have in possession "whitefish, of a less weight than two pounds in the round, or one pound and twelve ounces when dressed." Section 12 of the act (2 Comp. Laws 1929, § 6318 [Stat. Ann. § 13.1503]) reads in part:

"The possession of any package or shipment of illegal fish offered to any common carrier as mentioned in section eleven shall be construed to be and remain in the consignor until delivered to the consignee."

Respondent is a commercial fisherman engaged in that business at Frankfort in Benzie county. Undersized fish shipped by him via the Pere Marquette Railroad to his consignee in Chicago were seized by a conservation officer at Newaygo in Newaygo county while in the custody of the railroad.

Respondent was arrested, brought to trial, and convicted before a justice of the peace, from whose sentence he appealed to the circuit court. There it was argued, according to the court's opinion, that conviction could not be obtained in Benzie county and the conservation officers should be permitted to select the county in which conviction would more likely result. In condemning this argument, the court said that the respondent could thus be forced to stand trial in any county through which the shipment passed.

The trial court stated that the rule expressed in *People* v. *Brock*, 149 Mich. 464 (119 Am St. Rep. 684), should be applied. In that case the court reversed conviction of a defendant who was charged with stealing property from a railroad car en route from Detroit to Ovid while it was in Oakland county. The proofs showed that the theft occurred in Wayne county. The statute involved made anyone committing the crime of larceny, in a railroad car while in the State of Michigan and en route, liable to prosecution in any county through which the car passed.

The trial court, in applying the *Brock Case*, quoted from it as follows:

"It is no uncommon thing to have criminal prose-

cutions fail for want of proof, and while the danger of such failure may be greater in this class of cases than in others, it is not made clear to us how a man can be lawfully deprived of a constitutional right for such a reason. It would be a startling innovation should we say that the legislature has power to subject a person charged with crime to prosecution in any one of several counties, covering a strip of territory coextensive with the length or breadth of the State, at the people's election, and yet, that is what this statute authorizes if it is valid. It cannot be said that this offense was 'in contemplation of law' committed in each of several counties, as in a case where property stolen in one county is carried by the thief into another, or possibly where an act done in one county contributes to the commission of another.''

Brock was charged with theft, which could have occurred at only one place. The decision, based upon *Swart* v. *Kimball*, 43 Mich. 443, and *Hill* v. *Taylor*, 50 Mich. 549, was that the trial should have been held in the county where the crime was committed.

The offense in the instant case is illegal possession. The statute (section 12) provides that, until delivery, custody of the carrier is possession by the consignor. This is reasonable because the carrier could have no knowledge that the box contained undersize fish, and the consignee, in the absence of collusion, would be without knowledge of the fact that undersize fish were being shipped, but the consignor is chargeable with knowledge of the kind and size. The crime of possession of illegal fish was committed in Newaygo county.

The statutes in question do not deprive respondent of trial by jury in the county in which the crime was committed, and are not at variance with the Constitution. (Const. of 1908, art. 2, §§ 13, 19.)

The court was in error in holding that trial could not be held in Newaygo county where the crime was committed. The judgment should be vacated and the cause remanded for further proceedings not inconsistent with this opinion, with costs ·to appellant.

SHARPE and McALLISTER, JJ., concurred with BUSHNELL, C. J.