BRUCE v. MEIJERS SUPERMARKETS, INC.

Opinion of the Court

1. False Imprisonment—Arrest—Questioning—Permissibility.
   Defendant supermarket's agent, a security guard, was entitled
   to question plaintiff customer and ask her to return to the
   store· where he observed the plaintiff pick up two articles of
   merchandise, which the customer, unknown to the guard, put
   on a shelf, and the guard later saw the customer check out
   with a cashier without the articles being rung up.

2. False Imprisonment—Arrest—Coercion.
   No arrest occurred, as a matter of law, where a customer left
   a supermarket, was confronted by the supermarket's security
   guard who made repeated demands that the customer return
   to the store, and the customer repeatedly refused to return
   . to the store, but finally agreed to return.

3. False Imprisonment—Arrest—Manual Seizure—Coercion.
   An action for false imprisonment cannot be maintained unless
   there has been an arrest; manual seizure is not necessary but
   there must be, at least, the equivalent of a manual seizure
   in some sort of personal coercion.

Dissent by Danhof, P. J.

4. False Imprisonment—Arrest—Question of Fact.
   *A jury question was created as to whether plaintiff, in a false
   imprisonment suit, had been arrested where defendant super-
   market's employee made repeated demands that plaintiff return
   to the store and plaintiff repeatedly refused, but finally re-
   turned because there was the possibility of implicit coercion.*

---

References for Points in Headnotes
[1] 32 Am Jur 2d, False Imprisonment § 74.
[2] 32 Am Jur 2d, False Imprisonment §§ 74, 76.
[3] 32 Am Jur 2d, False Imprisonment § 76.
[4] 32 Am Jur 2d, False Imprisonment §§ 11, 74.
[5] 32 Am Jur 2d, False Imprisonment § 114.

5. False Imprisonment—Mental Anguish—Burden of Proof.

*A plaintiff in a suit for false imprisonment against a merchant who believed the plaintiff to have been shoplifting, in order to recover damages for mental anguish has the burden of proving defendant used unreasonable force, detained the plaintiff an unreasonable length of time, acted with unreasonable disregard of plaintiff's rights or sensibilities, or acted with intent to injure plaintiff; the burden is not on the defendant to show a lack of unreasonable action (MCLA § 600.2917).*

Appeal from Ingham, Jack W. Warren, J. Submitted Division 2 May 11, 1971, at Lansing. (Docket No. 9542.)  Decided June 22, 1971.

Complaint by Linda Bruce against Meijers Supermarkets, Inc., for false imprisonment. Judgment for plaintiff. Defendant appeals. Reversed.

*Andrews, Stapleton, & Harmon, P. C.* (by *Allan M. Charlton*), for plaintiff.

*Fraser, Trebilcock, Davis & Foster* (by *Robert W. Townsend*), for defendant.

Before: Danhof, P. J., and Fitzgerald and O'Hara,* JJ.

O'Hara, J.   The plaintiff brought this action for false arrest and imprisonment against defendant supermarket arising out of her alleged illegal detention by one of the defendant's employees. Following trial by a jury, a verdict for $1,500 was returned for plaintiff. On this appeal of right, defendant has alleged two errors.

Initially, defendant asserts that the trial court should have granted its motion for a directed ver-

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6 § 23 as amended in 1968.

dict at the close of plaintiff's proofs or, in the alternative, when the motion was renewed at the conclusion of all the proofs.

According to the settled practice in this state, the trial court must view all facts and legitimate inferences therefrom most favorably for the party against whom the motion has been sought. GCR 1963, 515.1; *Accetola* v. *Hood* (1967), 7 Mich App 83. It is claimed by the defendant that the record is devoid of any evidence of intention by its employee, Mr. Lingo, to make an arrest, and that the plaintiff, furthermore, returned voluntarily to the store in order to clear up the misunderstanding. Contrariwise, the plaintiff asserts that an examination of the record amply demonstrates the intention of Mr. Lingo to make an arrest when he accosted her and that he did, in fact, take her into custody.

The following summary of the testimony is made on plaintiff's "favorable view" as that phrase has been precedentially used.

On January 19, 1968, plaintiff was a customer in one of the defendant's stores in Lansing, Michigan. As was her usual practice, she took a cart to carry her prospective purchases. She then picked up two pairs of panties, placed them in her cart, and continued her shopping. Later, through inadvertence or otherwise, she laid these two items on a counter other than that at which they had been picked up. Thereafter, she completed her shopping and checked out with the cashier. After she had left the store, she was stopped by a man whom she had observed in the store on previous occasions. He asked her where she had put the articles he had observed on the cart but which were not among the items she had paid for when checking out. Although the man was not in uniform and did not show any

identification, the plaintiff assumed that he was an employee of the store. He made repeated requests that she return to the store and show him where she had put the merchandise. Plaintiff indicated that she wanted to leave because she felt ill and for the additional reason that her children would soon be coming home for lunch. Nonetheless, plaintiff voluntarily opened her purse and opened her clothing in an effort to prove that she had not taken the panties. Plaintiff estimates that the foregoing discussion encompassed approximately five minutes. Once the plaintiff complied with the employee's request and accompanied him back inside the store, she quickly found the panties lying on a counter adjacent to the lingerie display. She then left the premises without further ado.

We believe we should, and we do—as both the Supreme Court and another panel of this Court have previously done—take judicial notice that shoplifting has reached "most serious if not unrestrained proportions". *Bonkowski* v. *Arlan's Department Store* (1970), 383 Mich 90, 103, 104; *Bonkowski* v. *Arlan's Department Store* (1968), 12 Mich App 88, 97.

Given what the security guard observed himself, *viz.,* that the customer picked up two articles of merchandise from a display counter and did not check them out with the cashier, we think the agent of the owner was entitled to question plaintiff and to ask that she return to the store with him. In so doing we think he committed no tortious act upon which a recovery could be had.

We have reviewed the record with extreme care. No matter how favorably we view the testimony from plaintiff's standpoint, we can find no evidence that defendant's representative placed plaintiff un-

der arrest. Our Supreme Court in *Bonkowski, supra,* reaffirmed the definition of arrest which was set forth in *People* v. *Gonzales* (1959), 356 Mich 247, 253.

"An arrest is the taking, seizing, or detaining of the person of another, either by touching or putting hands on him, or by any act which indicates an intention to take him into custody and subjects the person arrested to the actual control and will of the person making the arrest. The act relied upon as constituting an arrest must have been performed with the intent to effect an arrest and must have been so understood by the party arrested."

We are, of course, not unmindful that "arrest" in the language of the law has a variety of meanings depending on the attendant circumstances and the purpose thereof. The Ohio Court of Appeals in a case of striking similarity to the one at bar discussed "arrest" in this context and said, we think, significantly:

"Nothing was done to indicate that she was being taken into custody, or that she was being held for delivery to a peace officer to answer a criminal charge." *Lester* v. *Albers Super Markets* (1952) 94 Ohio App 313, 316 (114 NE2d 529, 532).

We hold as a matter of law that no arrest was made. Absent an arrest no false imprisonment could have occurred.

"There can be no such thing as an action for false imprisonment where the plaintiff has not been arrested; and while, as has been held, manual seizure is not necessary, there must be that or its equivalent in some sort of personal coercion." *Hill* v. *Taylor* (1883), 50 Mich 549, 552, quoted in *Bonkowski, supra,* p 105.

For the reason herein stated, we are constrained•
to vacate the judgment entered upon the verdict of
the jury and remand the cause for entry of a judg-
ment of no cause of action.

In view of this holding it is unnecessary to discuss
any other issue. We do deem it appropriate to add
the footnote which appears at the end of this
opinion.[1]

FITZGERALD, J., concurred.

DANHOF, P. J. (*dissenting*). I dissent from the
result reached by the majority, although I would
reverse the judgment and remand for a new trial.

In examining the record and construing the testi-
mony and the legitimate inferences therefrom in a

---

[1] MCLA § 600.2917 (Stat Ann 1962 Rev § 27A.2917) is not here
involved since it deals only with a limitation upon damages recoverable
when a cause of action has been sustained. However, as Mr. Justice
BLACK pointed out in his opinion in *Bonkowski, supra*, the statute
does not afford any substantive relief or achieve its apparent purpose.
The opinion then quotes the Practice Commentary of Professor Carl
S. Hawkins. We quote it again and include, as did the Supreme
Court, the comment from § 120A Restatement of Torts 2d (p 202).

"RJA § 2917 was derived from PA 1958, No 182, which was ap-
parently intended to assure the merchant a measure of statutory
relief. However, the statute does not give the merchant a privilege
of reasonable detention as a complete defense, but rather precludes
the recovery of damages attributable to mental anguish and punitive
damages, if the merchant had probable cause for suspecting the
plaintiff and did not use unreasonable force or detain him for an
unreasonable length of time."

\* \* \*

"120A. Temporary detention for Investigation
"One who reasonably believes that another has tortiously taken a
chattel upon his premises, or has failed to make due cash payment
for a chattel purchased or services rendered there, is privileged,
without arresting the other, to detain him on the premises for the
time necessary for a reasonable investigation of the facts."
"Comment:
"(a) The privilege stated in this Section is necessary for the pro-
tection of a shopkeeper against the dilemma in which he would other-
wise find himself when he reasonably believes that a shoplifter has
taken goods from his counter. If there were no such privilege, he
must either permit the suspected person to walk out of the premises
and disappear, or must arrest him, at the risk of liability for false
arrest if the theft could not be proved."

'light most favorable to the plaintiff, I agree with
the trial court that while the proofs were not over-
whelming in relation to the matter of arrest there
was sufficient evidence to go to the jury. In *Bon-
kowski* v. *Arlan's Department Store* (1968), 12 Mich
App 88, 96, this Court said:

"From the facts of the incident established at
trial, a jury could find such implicit coercion as
would support a finding of that unlawful restraint
of freedom of action which lies at the heart of a
cause of action for false arrest."

This is also true in the instant case.

However, the trial court erroneously instructed
the jury on the defendant's burden of proof. The
instruction to which defense counsel made timely
objection reads:

"Now, the plaintiff, in order to recover here, must
show that she was unlawfully arrested and im-
prisoned. And, secondly, that she suffered injury
or damage as a result thereof. The burden is upon
the plaintiff to prove those items by a fair pre-
ponderance of the evidence. The defendant store on
the other hand, if the plaintiff meets her obligation
and proves by a preponderance of the evidence the
matters I have just enunciated to you, it then falls
to the lot of the defendant to demonstrate by a pre-
ponderance of the evidence that probable cause ex-
isted to believe the plaintiff had committed or at-
tempted to commit an unlawful taking of property
that was for sale at the store; and, secondly, that
its employees did not use unreasonable force, did not
detain the plaintiff an unreasonable length of time,
did not act with unreasonable disregard of her rights
or sensibilities and did not intend to injure the plain-
tiff."

The applicable statute, MCLA § 600.2917 (Stat
Ann 1962 Rev § 27A.2917) reads:

"In any civil action against a merchant, his or its agent, for false imprisonment, unlawful arrest, assault, battery, libel or slander, if the claim arose out of conduct involving a person suspected of removing or of attempting to remove from a store without right or permission goods held for sale therein, where the merchant, his or its agent had probable cause for believing and did believe that the plaintiff had committed or aided or abetted in the larceny of goods held for sale in the store, no damages for or resulting from mental anguish and no punitive, exemplary or aggravated damages shall be allowed a plaintiff, excepting when it is proved that the merchant, or his or its agent used unreasonable force or detained plaintiff an unreasonable length of time or acted with unreasonable disregard of plaintiff's rights or sensibilities or acted with intent to injure plaintiff."

This instruction was erroneous. See *Bonkowski* v. *Arlan's Department Store* (1970), 383 Mich 90. In order for the plaintiff to recover damages for mental anguish she has the burden, under the statute, of proving that the defendant's employee used unreasonable force or detained the plaintiff an unreasonable length of time, or acted with unreasonable disregard of plaintiff's rights or sensibilities, or acted with intent to injure the plaintiff. The burden is not upon the defendant to show a lack of unreasonable action.

Reversed and remanded.