Per Curiam.
 

 Plaintiff appeals as of right from the circuit court’s order granting summary disposition for defendants pursuant to MCR 2.116(C)(10) concerning plaintiff’s false imprisonment and intentional infliction of emotional distress (red) claims. We reverse in part, affirm in part, and remand.
 

 This Court reviews de novo decisions on motions for summary disposition.
 
 Spiek v Dep’t of Transporta
 
 
 *386
 

 tion,
 
 456 Mich 331, 337; 572 NW2d 201 (1998). A motion under MCR 2.116(C)(10) tests whether there is factual support for a claim and is reviewed to determine whether the affidavits, pleadings, depositions, or any other documentary evidence establish a genuine issue of material fact to warrant a trial.
 
 Id.
 

 The first issue on appeal is whether there is a distinction between the torts of false imprisonment, which plaintiff pleaded, and false arrest, which he did not. We conclude that the torts can be distinguished and that plaintiff was not required to allege an arrest involving government law enforcement. There has been confusion in Michigan law regarding whether false arrest and false imprisonment are separate causes of action. See, e.g.,
 
 Lewis v Farmer Jack Division, Inc,
 
 415 Mich 212, 231, n 4; 327 NW2d 893 (1982) (Williams, J., dissenting). Many precedents do not distinguish between the two tort claims, which are often brought together. See, e.g.,
 
 Adams v Nat’l Bank of Detroit,
 
 444 Mich 329, 341 (Levin, J.), 343, (Boyle, J.), 354 (Mallett, J., and Cavanagh, C.J., concurring); 508 NW2d 464 (1993),
 
 Clarke v K mart Corp,
 
 197 Mich App 541, 546-547; 495 NW2d 820 (1992), and
 
 Hill v Taylor,
 
 50 Mich 549, 552; 15 NW 899 (1883). Other authorities imply that while the torts overlap, there are distinguishing characteristics allowing separate causes of action. See, e.g., SJI2d 116.01 and SJI2d 116.02 (providing separate and distinct definitions and instructions for the torts of false arrest and false imprisonment);
 
 [1]
 
 see also
 
 Willoughby v Lehrbass,
 
 150 Mich App 319, 350; 388 NW2d 688 (1986),
 
 Tumbarella
 
 
 *387
 

 v Kroger Co,
 
 85 Mich App 482; 271 NW2d 284 (1978),
 
 Stowers v Wolodzko,
 
 386 Mich 119; 191 NW2d 355 (1971), and
 
 Hall v Pizza Hut of America, Inc,
 
 153 Mich App 609, 613; 396 NW2d 809 (1986) (implying a distinction between false arrest and false imprisonment). In our view, the general concept of false imprisonment as an “unlawful restraint of an individual’s personal liberty” is broader than, but includes, a false arrest involving law enforcement. See
 
 Clarke, supra
 
 at 546-547, quoting
 
 Tumbarella, supra
 
 at 489; see also Black’s Law Dictionary (7th ed), p 618 (the tort of “[f]alse imprisonment. . . applies to private as well as government detention”). Thus, we conclude that an action for false imprisonment can be maintained without alleging such an arrest.
 

 Nevertheless, we conclude that plaintiff failed to present a genuine issue of material fact concerning whether defendants falsely imprisoned him and that summary disposition of this claim was, therefore, proper. The elements of false imprisonment are “[1] an act committed with the intention of confining another, [2] the act directly or indirectly results in such confinement, and [3] the person confined is conscious of his confinement.”
 
 Adams, supra
 
 at 341 (Levin, J.), see also 354, n 8 (Mallett, J., and Cavanagh, C.J., concurring), citing 2 Restatement Torts, 2d, § 35, p 52.
 

 With respect to the second element, plaintiff came forward with insufficient evidence that he was ever actually confined or restrained for any significant period in the building, yard, or parking lot. The record reveals that the front door was likely unlocked, a fence was down between the outside yard area and the parking lot, and, for a significant
 
 *388
 
 period, the gate of the parking lot to the street was also open. According to plaintiff’s deposition testimony, some of his co-workers left the premises through these exits.
 

 Further, even if plaintiff was briefly locked in some enclosure, brief confinements or restraints are insufficient- for false imprisonment. See, e.g.,
 
 Willoughby, supra
 
 at 350 (holding that where a teacher took hold of a student, led him to the principal’s office, and released him, there was no actionable detention by the teacher for purposes of false imprisonment). The confinements allegedly caused by defendant Maniel V. Patel’s conduct were momentary and fleeting. Plaintiff’s escape was stalled at length only when, through his own recklessness, he injured himself.
 

 Finally, “[t]he essence of a claim of false imprisonment is that the imprisonment is false,
 
 i.e.,
 
 without right or authority to do so.”
 
 Hess v Wolverine Lake,
 
 32 Mich App 601, 604; 189 NW2d 42 (1971). The uncontested facts of this case are that plaintiff returned to his former workplace without requesting permission to do so from management and did so at a time of day he knew was inappropriate for employees to be on the premises. Further, he participated in an activity that he knew was against workplace rules. Plaintiff does not argue or present any evidence that Patel did anything outside his management authority in his attempts to limit the ways that plaintiff and the others could leave the premises and thereby to identify the persons involved for appropriate disciplinary action. Therefore, we are not persuaded that the circuit court erred in granting summary disposition for the defendants with respect to the false imprisonment claim.
 

 
 *389
 
 However, we conclude that plaintiff established a genuine issue of fact regarding whether defendants were hable for red. The elements of red are “(1) extreme and outrageous conduct; (2) intent or recklessness; (3) causation; and (4) severe emotional distress.”
 
 Johnson v Wayne Co,
 
 213 Mich App 143, 161; 540 NW2d 66 (1995). According to plaintiffs deposition, Patel saw plaintiff lying on the ground and actually established eye contact with him following the accident in which he broke his leg. Patel denies that, but a genuine issue of material fact is presented. If the factfinder determines that Patel saw plaintiff in this position and understood that he had experienced a serious physical injury, the factfinder could conclude that Patel’s leaving plaintiff behind or his locking the facility in a manner that would prevent others, including medical personnel, from assisting plaintiff was extreme and outrageous conduct. If so, the factfinder might also conclude that this conduct caused plaintiff severe emotional distress apart from that distress he already experienced as a result of his physical injury, which Patel had not caused.
 

 We reverse the trial court’s order to the extent that it granted summary disposition to defendants on the RED claim, and we remand for further proceedings. Jurisdiction is not retained.
 

 [1]
 

 Although the standard jury instructions are not legal authority, they are intended to accurately state applicable law.
 
 State Farm Fire & Casualty Co v Couvier,
 
 227 Mich App 271, 273, n 1; 575 NW2d 331 (1998).