# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 8, 2010

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway
Alton Thomas Davis,
Justices

Rehearing No. 569

2 March 2010

138959
138969

PEOPLE OF THE STATE OF MICHIGAN,
     Plaintiff-Appellant,

v

TOD KEVIN HOUTHOOFD a/k/a TODD
KEVIN HOUTHOOFD,
     Defendant-Appellee.

SC: 138959
COA: 269505
Saginaw CC: 02-021097-FH
        04-024765-FH
        05-025865-FH

_____

PEOPLE OF THE STATE OF MICHIGAN,
     Plaintiff-Appellee,

v

TOD KEVIN HOUTHOOFD a/k/a TODD
KEVIN HOUTHOOFD,
     Defendant-Appellant.

SC: 138969
COA: 269505
Saginaw CC: 02-021097-FH
        04-024765-FH
        05-025865-FH

_____

On order of the Court, the motion for rehearing is considered, and it is DENIED.

KELLY, C.J. (*dissenting*). I would grant defendant's motion for rehearing and vacate this Court's opinion of July 31, 2010. In that opinion, the Court held that improper venue is not a basis for granting a new trial in a criminal case. Hence, for the first time, improper venue is subject to harmless error analysis under MCL 769.26 and MCL 600.1645[1] applies to criminal proceedings.

_____

[1] MCL 600.1645 states that "[n]o order, judgment, or decree shall be void or voidable solely on the ground that there was improper venue."

The effect of this opinion is to contravene years of case law and to absolve prosecutors from the need to prove venue beyond a reasonable doubt. As I stated in my dissenting opinion, "the majority opinion suffers from a fundamental defect. It makes sweeping changes in an important area of the law without considering existing precedent or the ramifications of the changes."[2]

The opinion is also internally inconsistent. Whereas it subjects venue errors to harmless error review, it also makes applicable MCL 600.1645, a statute that prohibits granting a new trial for venue errors, whether harmful or not.

The points defendant makes in his motion for rehearing only heighten my concerns about the opinion. Defendant reviews the extent of venerable law that the opinion changes.[3] He notes that law enforcement officers and county prosecutors henceforth will have free reign to control venue in criminal cases. I agree with defendant that this transfer of control raises due process concerns that the Court did not adequately consider when the opinion was written.

I believe that the Court should grant rehearing and order additional briefing and oral argument. It should then fully consider the arguments given short shrift in its initial review of the case, as well as the additional arguments that defendant raises in his motion.

CAVANAGH, J., would grant rehearing.

DAVIS, J., not participating. I recuse myself and am not participating because I was on the Court of Appeals panel in this case. See MCR 2.003(B).

---

[2] *People v Houthoofd*, 487 Mich ___, ___ (2010) (KELLY, C.J., dissenting).

[3] See, e.g., *Hill v Taylor*, 50 Mich 549, 551 (1883) ("[I]t cannot be seriously claimed that the prosecution can be had in a county where the crime was not actually or in contemplation of law perpetrated.").



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 8, 2010          

                                               Clerk