# STATE OF MICHIGAN

# COURT OF APPEALS

ESTATE OF MARGARET MARIE ROUSH, by
CYNTHIA HARDY, Personal Representative,

        Plaintiff-Appellant,

v

THE LAURELS OF CARSON CITY, L.L.C.,

        Defendant-Appellee.

UNPUBLISHED
December 11, 2014

No. 317406
Montcalm Circuit Court
LC No. 2012-016830-CZ

Before: MARKEY, P.J., and SAWYER and OWENS, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting summary disposition to defendant pursuant to MCR 2.116(C)(10) and dismissing the case. We reverse and remand.

This case arises out of Margaret Marie Roush's stay at defendant's facility from October 17 to November 21, 2012. Plaintiff alleged that defendant unlawfully detained Roush at the facility while a determination was pending with regard to Roush's ability to make treatment decisions for herself and that defendant's agents committed various torts while Roush was at the facility and after Roush was discharged from the facility. Plaintiff's complaint alleged false imprisonment, intentional infliction of emotional distress, abuse of process, and civil conspiracy. Before the close of discovery, the trial court granted defendant's motion for summary disposition pursuant to MCR 2.116(C)(10) and dismissed all of plaintiff's claims. The trial court relied exclusively on MCL 700.5508(2) and found that because there were competing opinions regarding Roush's ability to make treatment decisions while she was in the facility, the facility complied with its obligations pursuant to MCL 700.5508(2) because the parties sought a determination from a court regarding the issue of Roush's ability to make treatment decisions.

A grant or denial of summary disposition based upon MCR 2.116(C)(10) is reviewed de novo on appeal. *Corley v Detroit Bd of Ed*, 470 Mich 274, 277; 681 NW2d 342 (2004). Pursuant to MCR 2.116(C)(10), summary disposition should be granted when "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." When deciding a motion for summary disposition under MCR 2.116(C)(10), a court considers the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted in a light most favorable to the nonmoving party. *Corley*, 470 Mich at 278. A genuine issue of material fact exists when the

-1-

record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds could differ. *Debano-Griffin v Lake Co*, 493 Mich 167, 175; 828 NW2d 634 (2013). Summary disposition pursuant to MCR 2.116(C)(10) is generally premature if granted before discovery on a disputed issue is complete. *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 292; 769 NW2d 234 (2009).

"The elements of false imprisonment are '(1) an act committed with the intention of confining another, (2) the act directly or indirectly results in such confinement, and (3) the person confined is conscious of his confinement.'" *Moore v Detroit*, 252 Mich App 384, 387; 652 NW2d 688 (2002). The confinement element of false imprisonment involves "an unlawful restraint on a person's liberty or freedom of movement." *Walsh v Taylor*, 263 Mich App 618, 627; 689 NW2d 506 (2004).

In the present case, plaintiff alleged that Roush was falsely imprisoned at the facility from November 8 to November 21, 2012, and there is no real dispute that Roush's liberty or freedom of movement was restricted during this time. However, defendant claimed that on October 24, 2012, Robert Gallagher became Roush's patient advocate, and Gallagher directed that Roush not be discharged from the facility. Defendant relied on Gallagher's authority as a patient advocate as a basis for restricting Roush's liberty or freedom of movement between November 8 and November 21, 2012.

A patient advocate's authority "is exercisable only when the patient is unable to participate in medical or mental health treatment decisions." MCL 700.5506(3). Therefore, Gallagher's authority as a patient advocate was properly invoked on October 24, 2012, only if Roush was unable to participate in medical treatment decisions on that date.[1] In contrast, if there was a dispute on October 24, 2012, regarding Roush's ability to participate in medical treatment decisions, the parties could have filed a petition requesting a court's determination as to her abilities. MCL 700.5508(2).

At the time the trial court granted defendant's motion for summary disposition, genuine issues of material fact remained with regard to whether Gallagher was validly appointed as Roush's patient advocate on October 24, 2012, and whether he remained as her patient advocate thereafter. After evaluating Roush's mental status, plaintiff's primary care physician and another physician at the facility determined that Roush was unable to make and communicate medical decisions as of October 24, 2012. However, discovery was not closed at the time of the hearing on defendant's motion for summary disposition, and plaintiff provided the trial court with an affidavit alleging that if deposed, one of these physicians would testify that Roush actually was able to participate in making medical decisions on October 24, 2012. Further, at the time of the hearing on the motion for summary disposition plaintiff had not yet had the opportunity to analyze hundreds of pages of written discovery that could have shed light on Roush's mental capabilities on October 24, 2012. In sum, the issue whether Roush was unable to make decisions

---

[1] The parties do not allege, and the record does not support a finding, that there is any other date on which Gallagher's authority as a patient advocate could have been properly invoked.

regarding medical treatment on October 24, 2012, was unresolved at the time summary disposition was granted, and this unresolved issue was material to plaintiff's false imprisonment claim.

Moreover, even if Gallagher's powers as a patient advocate were properly invoked on October 24, 2012, to provide a defense to the claim of false imprisonment, Gallagher's authority would have needed to extend through the period of alleged false imprisonment, *i.e.*, would need to extend from November 8 to November 21, 2012.[2] And, at the time of the hearing on the motion for summary disposition, there were unresolved factual questions with regard to whether Gallagher's authority as a patient advocate extended through November 21, 2012. These unresolved issues include when or whether Gallagher's authority as a patient advocate was suspended pursuant to MCL 700.5509(2) based on Roush's regained ability to participate in medical decisions, and whether Roush validly revoked Gallagher's patient advocate designation on November 15, 2012, pursuant to MCL 700.5510(1)(d) and MCL 700.5507(7). All of these unresolved factual issues are material to the false imprisonment claim because the facility's ability to legally restrict Roush's freedom of movement based on directions from her patient advocate necessarily turns on whether and when Gallagher's authority as Roush's patient advocate was valid. Moreover, all of these unresolved issues stood a fair chance of being resolved through discovery. Further, application of MCL 700.5508(2) to the facts of this case does not resolve any of these issues; however, this statute was the only basis on which the trial court relied in dismissing plaintiff's false imprisonment claim. Therefore, the trial court erred in dismissing plaintiff's false imprisonment claim pursuant to MCR 2.116(C)(10) based on MCL 700.5508(2) and before the close of discovery. *Debano-Griffin*, 493 Mich at 175; *Corley*, 470 Mich at 278; *Froling Revocable Living Trust*, 283 Mich App at 292.

Next, the elements of a claim of intentional infliction of emotional distress are: "(1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress." *Hayley v Allstate Ins Co*, 262 Mich App 571, 577; 686 NW2d 273 (2004) (citation omitted). With regard to the first element of this tort, "[t]he conduct complained of must be 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.'" *Id*. With regard to the second element of this tort, a plaintiff must either show that a defendant specifically intended to cause the plaintiff emotional distress or that the defendant's conduct was so reckless that "any reasonable person would know emotional distress would result." *Lewis v LeGrow*, 258 Mich App 175, 197; 670 NW2d 675 (2003).

In the present case, plaintiff's claims of intentional infliction of emotional distress arise out of the allegations that Roush was illegally detained at the facility from November 8 to November 21, that one of the facility's physicians (who was also Roush's personal physician)

---

[2] Gallagher's authority as a patient advocate was the only legal basis that defendant pled for detaining Roush from November 8 to November 21, 2012. We do not reach a determination with regard to whether there are other unpled, legal bases for detaining Roush in the facility during this time.

refused to treat Roush after her discharge from the facility, and that an employee of the facility fabricated allegations that resulted in an adult protective services' investigation into the care that Roush received after she was discharged from the facility. As set forth previously, at the time the trial court dismissed plaintiff's claims pursuant to MCR 2.116(C)(10), genuine issues of fact remained with regard to whether the facility had a legal basis for detaining Roush from November 8 to November 21, 2012. Likewise, defendant does not dispute that Roush's physician declined to continue to treat Roush after she was discharged from the facility and that one of its employees made a report to adult protective services regarding Roush's treatment upon her discharge from the facility. Further, plaintiff provided affidavits that, when viewed in the light most favorable to plaintiff, create a genuine issue with regard to the material facts of whether these actions amounted to extreme and outrageous conduct that was intentional or reckless and caused Roush severe emotional distress.

These unresolved issues are material to plaintiff's claim of intentional infliction of emotional distress. *Hayley*, 262 Mich App at 577. Moreover, all of these unresolved issues stood a fair chance of being resolved through discovery. Further, application of MCL 700.5508(2) to the facts of this case does not resolve any of these issues; however, this statute was the only basis on which the trial court relied in dismissing plaintiff's intentional infliction of emotional distress claim. Therefore, the trial court erred in dismissing plaintiff's claim of intentional infliction of emotional distress pursuant to MCR 2.116(C)(10) based on MCL 700.5508(2) and before the close of discovery. *Debano-Griffin*, 493 Mich at 175; *Corley*, 470 Mich at 278; *Froling Revocable Living Trust*, 283 Mich App at 292.

Next, the elements of abuse of process are "(1) an ulterior purpose and (2) an act in the use of process that is improper in the regular prosecution of the proceeding." *Bonner v Chicago Title Ins Co*, 194 Mich App 462, 772; 487 NW2d 807 (1992). "A meritorious claim of abuse of process contemplates a situation where the defendant has availed himself of a proper legal procedure for a purpose collateral to the intended use of that procedure." *Dalley v Dykema Gossett*, 287 Mich App 296, 322; 788 NW2d 679 (2010).

In the present case, plaintiff's claims of abuse of process arise out of the allegations that one of defendant's employees improperly helped Gallagher file a petition for guardianship over Roush and that an employee of the facility fabricated allegations of elder abuse after Roush was discharged from the facility, and that these actions were done for the improper purposes of harassing Roush, retaliation against Roush, and financial gain if Roush remained in the facility. The "process" contemplated by the tort of abuse of process is a legal process, not an administrative process. *Friedman v Dozorc*, 412 Mich 1, 30 n 18; 312 NW2d 585 (1981); *Dalley*, 287 Mich App at 322; *Young v Motor City Apartments Ltd*, 133 Mich App 671, 683; 350 NW2d 790 (1984). Therefore, plaintiff's allegation of abuse of process arising out of the elder abuse-reporting process fails as a matter of law. This Court will affirm a trial court's grant of summary disposition if it reaches the correct result, even if for the wrong reason, *Jackson Co Hog Producers v Consumers Power Co,* 234 Mich App 72, 86; 592 NW2d 112 (1999), and we affirm dismissal of the claim for abuse of process based on this allegation.

However, the guardianship process is a legal process through the probate court. And, at the time the trial court dismissed plaintiff's claim for abuse of process, there was conflicting

evidence in the record regarding Roush's known mental status at the time the petition for guardianship was filed and the extent to which defendant's employees assisted with this filing. In addition, plaintiff provided affidavits that, when viewed in the light most favorable to plaintiff, create a genuine issue with regard to the material fact whether defendant or one of its employees availed itself of the proper guardianship procedure for a purpose collateral to the intended use of that procedure. These unresolved issues are material to plaintiff's remaining allegation of abuse of process. *Dalley*, 287 Mich App at 322. Moreover, these unresolved issues stood a fair chance of being resolved through discovery. Further, application of MCL 700.5508(2) to the facts of this case does not resolve these issues; however, this statute was the only basis on which the trial court relied in dismissing plaintiff's abuse of process claim. Therefore, the trial court erred in dismissing plaintiff's allegations of abuse of process arising out of the guardianship proceedings pursuant to MCR 2.116(C)(10) based on MCL 700.5508(2) and before the close of discovery. *Debano-Griffin*, 493 Mich at 175; *Corley*, 470 Mich at 278; *Froling Revocable Living Trust*, 283 Mich App at 292.

Finally, a civil conspiracy is "a combination of two or more persons, by some concerted action, to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means." *Urbain v Beierling*, 301 Mich App 114, 131; 835 NW2d 455 (2013). In addition, "a claim for civil conspiracy may not exist in the air; rather, it is necessary to prove a separate, actionable tort." *Advocacy Org for Patients & Providers v Auto Club Ins Ass'n*, 257 Mich App 365, 384; 670 NW2d 569 (2003). If a plaintiff fails to establish the underlying tort, the claim for civil conspiracy must also fail. *Id.* at 384-385.

In the present case, plaintiff's claim of civil conspiracy is based on the underlying alleged torts of false imprisonment, intentional infliction of emotional distress, and abuse of process. If any of the alleged, underlying tortious conduct is established, this conduct would also provide support for the civil conspiracy claim.[3] However, if plaintiff's underlying torts all fail after the close of discovery, plaintiff's civil conspiracy claim also fails. *Advocacy Org for Patients & Providers*, 257 Mich App at 384-385. In sum, there are unresolved factual issues material to plaintiff's claims of false imprisonment, intentional infliction of emotional distress, and abuse of process; these unresolved issues stood a fair chance of being resolved through discovery; and plaintiff's ability to prevail on its claim of civil conspiracy requires it to prevail on at least one of these underlying torts. Further, application of MCL 700.5508(2) to the facts of this case does not resolve the outstanding issues in the underlying torts; however, this statute was the only basis on which the trial court relied in dismissing plaintiff's civil conspiracy claim. Therefore, the trial court erred in dismissing plaintiff's claim of civil conspiracy pursuant to MCR 2.116(C)(10) based on MCL 700.5508(2) and before the close of discovery. *Debano-Griffin*, 493 Mich at 175; *Corley*, 470 Mich at 278; *Froling Revocable Living Trust*, 283 Mich App at 292.

---

[3] We note that to prevail on its civil conspiracy claim, plaintiff would also be required to establish that Gallagher and someone at the facility, "by some concerted action" conspired to accomplish the tortious conduct. *Urbain*, 301 Mich App at 131.

We note that plaintiff argues that resolution of this appeal turns on statutory interpretation of MCL 700.5508(2). For the reasons stated herein, the statutory interpretation arguments are not dispositive and we decline to address them.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Jane E. Markey
/s/ David H. Sawyer
/s/ Donald S. Owens